LIBERTY MUTUAL INSURANCE COMPANY, as Subrogee of George Lawrence, Appellant,

v.

DOMTAR PAPER CO.

v.

Commercial Net Lease Realty Services, Inc., and Commercial Net Lease Realty Trust, and Commercial Net Lease Realty, Inc., and National Retail Properties, Inc., and National Retail Properties Trust, Appellees.

Superior Court of Pennsylvania.

Argued June 25, 2013.

Filed Sept. 27, 2013.

Reargument Denied Nov. 22, 2013.

———

Robert F. Horn, Exton, for Liberty Mutual, appellant.

Patricia E. Antezenna, Pittsburgh, for Domtar, appellee.

Nadia V. Lazo, Pittsburgh, for National Retail Properties Trust and National Retail Properties, Inc., appellees.

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

OPINION BY SHOGAN, J.:

Appellant, Liberty Mutual Insurance Company, as subrogee of George Lawrence ("Liberty Mutual"), appeals from the May 22, 2012 order sustaining preliminary objections in the nature of a *demurrer* filed by Commercial Net Lease Realty Services, Inc., Commercial Net Lease Realty Trust, Commercial Net Lease Realty, Inc., National Retail Properties, Inc., and National Retail Properties Trust (collectively "Appellees"). On appeal, Liberty Mutual asserts, *inter alia*, that it has an absolute right to subrogation under the Pennsylvania Workers' Compensation Act[1] for benefits paid to Mr. Lawrence and that it is not to be denied its right because Mr. Lawrence did not sue Appellees. After careful review, we affirm.

The relevant factual background of this matter is largely undisputed. On December 13, 2009, Mr. Lawrence was employed by Schneider National, Inc. ("Schneider"). Schneider carried a policy of workers' compensation insurance with Liberty Mutual. While working within the scope of his employment for Schneider, Mr. Lawrence injured his right knee after falling in a parking lot at Domtar Paper Company in Johnsonburg, Pennsylvania. The Domtar Paper Company is situated on property alleged to be owned and maintained by Appellees. Mr. Lawrence made a claim for workers' compensation benefits, and Liberty Mutual paid $33,929.23 to Mr. Lawrence.

Subsequently, Liberty Mutual designated itself a subrogee of Mr. Lawrence and sued Appellees to recover the amount it paid out as workers' compensation benefits to Mr. Lawrence. Liberty Mutual's claim alleged negligence in Appellees' maintenance of the Domtar Paper Company property and asserted that negligence was the cause of Mr. Lawrence's injuries. On February 13, 2012, Appellees filed preliminary objections in the nature of a *demurrer* to Liberty Mutual's complaint. In their preliminary objections, Appellees claimed that Liberty Mutual's cause of action was barred because Pennsylvania does not recognize an independent cause of action by a workers' compensation insurer where the injured party has not sued in his own right and is not a party to the suit. On May 22, 2012, the trial court filed an order sustaining Appellees' preliminary objections. Liberty Mutual then filed this appeal.

On appeal, Liberty Mutual raises five issues for this Court's consideration:

A. Whether the Preliminary Objections of [Appellees] should have been dismissed as untimely, since there was no threshold evidence of reasonable excuse for the untimely filing, a requirement to overcome untimeliness so as to consider the Preliminary Objections on the merits.

B. Whether the Lower Court erroneously relied on an unpublished Memorandum Opinion in sustaining the Preliminary Objections of [Appellees].

---

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. ¶¶ 1–2708.

C. Whether [Liberty Mutual] has the absolute right to subrogation under Section 319 of the Pennsylvania Workers' Compensation Act for Workers' Compensation benefits paid.

D. Whether the Lower Court should have applied precedent of the Pennsylvania Supreme Court rather than precedent of this Honorable Court on the issue of the right (standing) to subrogation.

E. Liberty [Mutual] has the right to sue the tortfeasor as the subrogee of George Lawrence.

Liberty Mutual's Brief at 3–4.

▆▆▆ The standard of review we apply when reviewing a trial court's order granting preliminary objections in the nature of a *demurrer* is as follows:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it

should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak,* 15 A.3d 937, 941 (Pa.Super.2011) (quoting *Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super.2011)).

In the first issue, Liberty Mutual claims the trial court abused its discretion in considering Appellees' preliminary objections because they were untimely. Liberty Mutual's Brief at 8. We disagree.

Pennsylvania Rule of Civil Procedure 1026(a) provides, in relevant part, that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading." Pa. R.Civ.P. 1026(a). Here, Liberty Mutual's Complaint was filed on January 19, 2012. Pursuant to Rule 1026(a), Appellees were required to file their preliminary objections on or before February 8, 2012, but they did not do so until February 10, 2012. Thus, Liberty Mutual claims that the preliminary objections should have been denied with prejudice. Liberty Mutual's Brief at 8.

While Liberty Mutual cites to two common pleas court cases finding preliminary objections waived when they were filed over a month late, Liberty Mutual fails to cite to any authority binding on this Court.[2] *See Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co.,* 52 A.3d 347, 351 n. 1 (Pa.Super.2012) (reiterating that the Superior Court is not bound by decisions of the courts of common pleas). The Pennsylvania Supreme Court has interpreted Rule 1026(a) as follows: "This rule is not mandatory but permissive. We have held that late pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." *Peters*

---

**2.** Regardless, neither of the two cases cited by Liberty Mutual, *Parmar v. Alside, Inc.,* 37 Pa. D. & C.3d 430 (Pa.Com.Pl.1984) or *Laser Eye Institute, Inc. v. Schulman,* 2002 WL 377660

(Pa.Com.Pl.2002), stand for the proposition that an untimely-filed preliminary objection results in automatic waiver of the objections raised in the filing.

*Creek Sanitary Authority v. Welch,* 545 Pa. 309, 681 A.2d 167, 170 (1996) (internal quotation marks and citation omitted).

██ Here, Liberty Mutual admits there was no prejudice, and Appellees' preliminary objections were only two days late. The trial court disposed of this issue stating:

> [Liberty Mutual's] preliminary objections to [Appellees'] preliminary objections on the basis that they were untimely; to wit, two days late, and [Liberty Mutual] admitting it is not prejudiced thereby, the Court finds that the delay is de minimis, and, moreover, if the Court sustained [Liberty Mutual's] position, the issue raised by [Appellees'] preliminary objections would simply be re-raised on judgment to the pleadings or a nonsuit. See Goodrich Amram 2d Section 1026(a):7.

Order, 05/22/12.

We agree with the trial court's resolution. Because we discern no abuse of discretion by the trial court, Liberty Mutual is entitled to no relief on this issue.

██ Next, Liberty Mutual claims that the trial court erred in relying on an unpublished Superior Court Memorandum in sustaining the preliminary objections. We agree that the trial court should not have relied on the unpublished decision in *Sentry Insurance as Subrogee of Donald J. Rettman v. Van DeKamp's, Inc., et al.,* 973 WDA 2009, 4 A.3d 669 (Pa.Super.2010) (unpublished judgment order) as unpublished decisions of this Court are non-precedential. *See* Superior Court Internal Operating Procedure § 65.37; 210 Pa. Code § 65.37 However, the unpublished decision in *Sentry Insurance* was based on our published opinion in *Reliance Insurance Co. v. Richmond Machine Co.,* 309 Pa.Super. 430, 455 A.2d 686 (1983), which was also relied upon by the trial court. It is well settled that this Court may affirm

the decision of the trial court if it is correct on any grounds. *See Lilliquist v. Copes–Vulcan, Inc.,* 21 A.3d 1233, 1235 (Pa.Super.2011) (stating that an appellate court may affirm a trial court's decision on any grounds supported by the record on appeal). Accordingly, we will proceed with our analysis of the remaining issues raised on appeal.

██ Liberty Mutual asserts that it has the right to subrogation under the Pennsylvania Workers' Compensation Act for benefits paid to Mr. Lawrence, that it has the right as subrogee to independently sue the tortfeasor, and that the trial court erred in not following Supreme Court precedent. After careful review, we conclude that Liberty Mutual is not entitled to relief.

Section 319 of the Pennsylvania Workers' Compensation Act, which is codified at 77 P.S. § 671, states, in relevant part, as follows:

**Subrogation of employer to rights of employee against third persons; subrogation of employer or insurer to amount paid prior to award**

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery

or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

77 P.S. § 671 (internal footnote omitted).

Liberty Mutual relies on *Scalise v. F.M. Venzie & Co.*, 301 Pa. 315, 152 A. 90 (1930) in arguing that it has the right to independently sue Appellees pursuant to section 319. In *Scalise,* an employee died while in the scope of his employment. The deceased employee's wife, who received workmen's compensation benefits, filed suit against the third parties who were responsible for the accident leading to her husband's death. *Id.* at 91. The defendants claimed that the employee's wife had no cause of action, arguing that any cause of action was vested solely in the employer as subrogee. *Id.* at 92.

The Supreme Court examined section 319 and explained the subrogation rights to which an employer is entitled, as compared to the rights of the employee. The Court concluded that:

**The right of action remains in the injured employee;** suit is to be brought in his name; the employer may appear as an additional party plaintiff, as in *Gentile v. Phila. & Reading Ry.*, 274 Pa. 335, 118 A. 223 [ (1922) ]; or, as use-plaintiff, as in *Mayhugh v. Somerset Telephone Co.* [265 Pa. 496, 109 A. 213 (1920) ], may intervene for the purpose of protection or he may do as suggested in *Smith v. Yellow Cab. Co.* [288 Pa. 85, 135 A. 858 (1927) ], notify the tortfeasor of the fact of employment and of the payments made or to be made.

*Id.* (emphasis added).

The Supreme Court thus rejected the defendants' position and held that the wife of the deceased employee retained the right to sue. *Id.* In its discussion, however, the *Scalise* Court also made the statement that the employer "is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name." *Id.* It is this language upon which Liberty Mutual relies in arguing that it may independently sue Appellees pursuant to section 319.

After careful review of the law in this area, we are constrained to reject Liberty Mutual's position. First of all, *Scalise* did not hold that the Workers' Compensation Act provides insurers with the ability to independently sue third-party tortfeasors. It held that the right of action remained with the injured employee. Secondly, although the referenced statement in *Scalise* is somewhat ambiguous, cases decided since *Scalise* have clarified that workers' compensation carriers do not have an independent cause of action.

In a case decided only five years after *Scalise,* this Court set forth the rationale for such a position and emphasized the importance of a unified cause of action. In *Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros. Inc.,* 116 Pa.Super. 231, 176 A. 842 (1935), the injured employee successfully recovered from the tortfeasor. The workers' compensation carrier subsequently sued the tortfeasor for the amount paid to the employee in benefits. Although the claim was barred by the two-year statute of limitations, the *Moltz* Court also concluded that the employer's right of subrogation must be asserted through an action brought in the name of the insured. As explained by the Court:

The employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as

a party plaintiff ..., or as a use plaintiff.... The right of action is for one indivisible wrong, and this abides in the insured, through whom the insurer must work out his rights upon payment of the insurance, the insurer being subrogated to the rights of the insured upon payment being made[....] This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only[....] In support of this rule it is commonly said that the wrongful act is single and indivisible and can give rise to but one liability.

*Moltz*, 176 A. at 843 (internal quotation marks omitted).

Relying in part on *Moltz*, this Court in *Reliance*, the case ultimately relied upon by the trial court in the case *sub judice*, specifically refused to construe section 319 as providing an employer or insurer with a cause of action in its own right. By way of background, the employee in *Reliance* was injured in the scope of his employment on April 4, 1977. *Reliance*, 455 A.2d at 687. On April 11, 1977, the insurance company began making workers' compensation payments to the injured employee. *Id.* On May 16, 1979, more than two years after both the injury and the commencement of payment of workers' compensation benefits, the insurance company filed a writ of summons against the allegedly negligent third party defendants. A complaint was filed on August 3, 1979. *Id.* at 688. The insurer sought to recover the amount it paid in workers' compensation benefits to the employee from the third parties. *Id.*

Prior to a final order in that case, a panel of this Court addressed an interlocutory appeal by permission pursuant to 42 Pa.C.S.A. § 702(b). In that appeal by permission, the trial court certified three questions to this Court:

(1) If the employer (or its insurer) may maintain an action for contribution and/or indemnity, should the two year statute of limitations on personal injury actions apply to such a cause of action?

(2) Is the right of subrogation granted to an employer by section 319 of the Workmen's Compensation Act (77 P.S. § 671) against alleged third-party tortfeasors responsible for injuries to an employee the exclusive remedy by which the employer (or its insurer) may recover the sums it paid in workmen's compensation benefits to the injured employee?

(3) Does an employer (or its insurer) have a common law right of action for indemnity and/or contribution against the third party whose negligence allegedly caused injury to the employee?

*Reliance*, 455 A.2d at 687.[3] Upon review, this Court concluded that the two-year statute of limitations applied, and the employer/insurer tort action was barred. *Id.* at 690. However, the panel in *Reliance* also held that the insurer/employer had no cause of action in its own right, as follows:

We therefore hold that section 319 is an exclusive remedy, and that for an employer or its insurer to enforce its subrogation rights, it must proceed in an action brought on behalf of the injured employee in order to determine the liability of the third party to the employee. If such liability is determined, then the employer or its insurer may recover, out of an award to the injured employee, the amount it has paid in worker's compensation benefits.

*Id.*[4]

██ In summary, section 319 does not provide employers with the ability to bring suit **directly** against a third party. Cases

---

3. We renumbered the issues for purposes of our discussion.

4. We note that an employer or insurer may also intervene to protect its subrogation

decided since *Scalise,* in particular *Reliance,* have reinforced Pennsylvania courts' aversion to the splitting of causes of action between subrogors and subrogees, with the potential exposure of defendants to multiple liabilities. As reiterated by this Court in *Whirley Industries Inc. v. Segel,* 316 Pa.Super. 75, 462 A.2d 800 (1983),

> While Workers' Compensation is the exclusive remedy of an employee against his employer for work-related injuries, when an employee-victim's injuries are the result of negligence by a third party, § 671 of the Workers' Compensation Act allows the employee to bring an action against that third party. The victim's employer **then has the right of subrogation,** so long as he can show that he was compelled to make payments to his employee by reason of the negligence of the third party. *Dale Manufacturing Co. v. Workmen's Compensation Appeal Board,* 34 Pa.Commw.[Cmwlth.] 31, 382 A.2d 1256 (Pa.Cmwlth.1978), *aff'd* 491 Pa. 493, 421 A.2d 653 (1980), *Reargument denied* (1980).
>
> **The action against the third party tortfeasor must be brought by the injured employee.** Our Court has recently held that the Workers' Compensation insurance carrier has no independent cause of action for indemnification by and contribution from the negligent party who caused the insurance carrier to pay out benefits. The subrogation rights of § 671 are the sole and exclusive remedy against third party tortfeasors, *i.e.* the employee-victim must sue, and the employer's carrier is subrogated to the employee's claim. *Reliance Insurance Company v. Richmond Machine Company, Reliance Electric Company, and Bendix Westinghouse,* 309 Pa.Super. 430, 455 A.2d 686 (1983).

*Whirley Industries Inc.,* 462 A.2d at 802 (emphasis added and footnote omitted).

Accordingly, we conclude that there was no error in the trial court sustaining Appellees' preliminary objections. Therefore, the order is affirmed.

Order affirmed.

rights. *See, e.g., Hankee v. Wilkes-Barre/Scranton Int'l Airport,* 532 Pa. 494, 616 A.2d 614 (1992).