J-A19041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW JOHN VENSKO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ENCOMPASS HOME AND AUTO | : | |
| INSURANCE COMPANY, | | |
| | : | |
| Appellee | : | No. 1316 WDA 2014 |

Appeal from the Order entered on July 15, 2014
in the Court of Common Pleas of Fayette County,
Civil Division, No. 2243 of 2009 GD

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 11, 2015**

Matthew John Vensko ("Vensko") appeals from the Order denying his Petition for Certification of Class Action (hereinafter "Petition for Certification"), concerning his action against his automobile insurer, Encompass Home and Auto Insurance Company ("Encompass").  We affirm.

In 2007, Vensko purchased a single-vehicle insurance policy with Encompass, effective November 13, 2007.  Vensko chose a policy whereby he paid for "stacked"[1] uninsured motorist ("UM") and underinsured motorist ("UIM") coverage, pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701, *et seq.* ("the MVFRL").

Vensko, on behalf of himself and others similarly situated, filed this class action against Encompass on August 6, 2009.  Vensko's Complaint

_____

[1] "Stacking" is the combining of insurance coverages in order to create a greater pool of benefits available for recovery.

alleged breach of contract based upon deceptive practices by Encompass,[2] and a violation of the Consumer Protection Law, 73 P.S. § 201-2, *et seq.* Specifically, Vensko claimed that Encompass had deceptively charged him, and other similarly situated single-vehicle policyholders who chose stacked UM/UIM insurance coverage with Encompass (hereinafter "the proposed class members"), higher premiums, but provided them coverage identical to those single-vehicle policyholders who chose less expensive, non-stacked UM/UIM insurance coverage. According to Vensko, the policies issued by Encompass to him and the proposed class members prohibited UM/UIM stacking.

In June 2010, Vensko filed the Petition for Certification, pursuant to the Pennsylvania Rules of Civil Procedure pertaining to certification of class

---

[2] We observe that Vensko's breach of contract count did not identify the contractual provision(s) purportedly breached.

actions, including Pa.R.C.P. 1702.[3]  Therein, Vensko alleged that his action would adequately represent the proposed class members.[4]  According to Vensko, under Rule 1702(3), his claim was "typical" of the claims of the proposed class members, all of whom would allegedly claim that Encompass

---

[3] Rule 1702 provides as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702.

[4] The Petition for Certification defined the proposed class members as follows:

(1) all Pennsylvania citizens on the date of the filing of [Vensko's C]omplaint; (2) who are named insureds under Encompass insurance policies issued subject to [the] MVFRL; (3) who had only one vehicle insured by Encompass during any term of their policy and which policy, by its terms, prohibited stacking of UM/UIM coverage pursuant to [the] MVFRL; and (4) who paid for stacked UM/UIM coverage at any time during the period from August 1, 2003, to the date of filing the [C]omplaint.

Petition for Certification, 6/28/10, at ¶ 6.

deceived them into paying for more expensive, stacked UM/UIM insurance, but provided coverage identical to those policyholders who paid less for non-stacked UM/UIM insurance, since the policies allegedly prohibited stacking.

Encompass subsequently filed a Motion for summary judgment, which the trial court denied. Eventually, the trial court held a class certification hearing in April 2014. By an Opinion and Order entered on July 15, 2014 (hereinafter "the Opinion and Order"), the Honorable Gerald R. Solomon ("Judge Solomon") denied the Petition for Certification, concluding that Vensko had not established all of the prerequisites of Rule 1702, particularly, the "typicality" prerequisite of Rule 1702(3). Vensko timely filed a Notice of Appeal.

Vensko presents the following issues for our review:

I. Did the [trial] court err in concluding that the [Pennsylvania] Supreme Court's decision in ***Generette v. Donegal Mutual Insurance Company***, [957 A.2d 1180 (Pa. 2008),[5]] is not to be applied retroactively?

---

[5] In ***Generette***, the insured/plaintiff was injured while riding as a guest passenger in a vehicle that collided with a third-party tortfeasor's vehicle. ***Generette***, 957 A.2d at 1182. She recovered under the tortfeasor's liability insurance policy, and under the UIM coverage for the car in which she was riding. ***Id.*** Plaintiff sought coverage for her remaining claims under her own UIM policy with her insurer, which denied coverage based upon plaintiff's waiver of her ability to "stack" UIM coverage under her policy. ***Id.*** at 1182-83. The Supreme Court held that plaintiff's recovery under her UIM policy was not barred by her waiver because the MVFRL provision relating to stacking and waiver, 75 Pa.C.S.A. § 1738, did not apply to the plaintiff, concluding that she was not an "insured" as defined by the definitions section of the MVFRL, 75 Pa.C.S.A. § 1702. ***Generette***, 957 A.2d at 1190 (observing that the statutory definition of insured does not include guest passengers).

- 4 -

II. Did the [trial] court err in relying on the non-precedential [Memorandum] of the Superior Court in *LaCaffinie v. The Standard Fire Insurance Company*, [55 A.3d 132 (Pa. Super. 2012) (unpublished memorandum),] in violation of the Internal Operating Procedures of the Superior Court regarding unpublished memorandum decisions?

Brief for Appellant at 4 (footnote added; capitalization omitted; issues renumbered for ease of disposition).

The Pennsylvania Supreme Court set forth our standard of review, and thoroughly explained the relevant law concerning certification of class actions, as follows:

> Class certification presents a mixed question of law and fact. The trial court is vested with broad discretion in deciding whether an action may be pursued on a class-wide basis and, where the court has considered the procedural requirements for class certification, an order granting class certification will not be disturbed on appeal unless the court abused its discretion in applying them. … The existence of evidence in the record that would support a result contrary to that reached by the certifying court does not demonstrate an abuse of discretion by that court. In deciding whether class action procedural requirements were misapplied[,] or an incorrect legal standard was used in ruling on class certification, we review issues of law subject to plenary and *de novo* scrutiny.

> For the trial court, the question of whether a class should be certified entails a preliminary inquiry into the allegations of the putative class and its representative, whose purpose is to establish the identities of the parties to the class action. Pa.R.C.P. [] 1707 cmt. ([providing that the] certification process "is designed to decide who shall be the parties to the action and nothing more"). As a practical matter, the trial court will decide whether certification is proper based on the parties' allegations in the complaint and answer, on depositions or admissions supporting these allegations, and any testimony offered at the class certification hearing. *See* Pa.R.C.P. [] 1707 cmt. …

> Pursuant to Pennsylvania's civil procedure rules, the trial court may allow a representative to sue on behalf of a class if,

- 5 -

the class is numerous []; there are questions of law or fact common to the class ("commonality"); the claims of the representative are typical of the class ("typicality"); the representative will fairly and adequately protect the interests of the class []; and a class action is a fair and efficient method for adjudicating the parties' controversy, under criteria set forth in Rule 1708. Pa.R.C.P. [] 1702. … The class "is in the action until properly excluded" by, *e.g.*, an order of court refusing certification or an order de-certifying the class. Pa.R.C.P. [] 1701(a) & cmt[.]

During certification proceedings, the proponent of the class bears the burden to establish that the Rule 1702 prerequisites were met. The burden is not heavy at the preliminary stage of the case. … It is essential that the proponent of the class establish requisite underlying facts sufficient to persuade the court that the Rule 1702 prerequisites were met.

*Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 15-16 (Pa. 2011) (some citations, quotation marks, and brackets omitted).

The typicality prerequisite of Rule 1702(3), which is at issue in the instant case, requires that "the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that [his] pursuit of [his] own interests will advance those of the proposed class members." *Clark v. Pfizer, Inc.*, 990 A.2d 17, 24-25 (Pa. Super. 2010) (citation omitted); *see also id.* at 24 (stating that the typicality prerequisite is similar to the commonality prerequisite, which requires that "there be a predominance of common issues, shared by all the class members, which can be justly resolved in a single proceeding.") (emphasis and citation omitted).

As both of Vensko's issues relate to Judge Solomon's rationale in his Opinion and Order concerning the typicality prerequisite, and his application

and analysis of **LaCaffinie**, *supra*, and **Generette**, *supra*, we set forth

Judge Solomon's relevant analysis below:

> As to the allegations contained in the Complaint, we find persuasive the non-precedential decision of the Superior Court of Pennsylvania in **LaCaffinie**…,[6] wherein the Court stated:
>
> > The argument that [the insurance company] deceived its policyholders into paying for more expensive stacked coverage rather than less expensive non-stacked coverage[,] despite providing identical benefits, is derived from our Supreme Court's opinion in **Generette** …. The decision in **Generette** changed the law by holding [that] waiver of stacked UIM coverage only applied to policies between statutorily defined insureds. While we agree with [plaintiff] that **Generette** significantly changed the landscape of UIM law, we cannot agree that **Generette** serves as the basis for a claim that [the insurance company] deceived [this plaintiff] into buying overpriced coverage.
> >
> > The record reflects that [plaintiff] purchased his insurance policy on July 15, 2008, effective August 11, 2008. ... **Generette** was not decided until October 23, 2008, more than three months after [plaintiff] purchased his insurance policy. Therefore, it is impossible for [the insurance company] to have deceived [plaintiff] in July[,] on the basis of case law that was not announced until October.
>
> [**LaCaffinie**, 55 A.3d 132 (unpublished memorandum at 5-6) (footnote added; some brackets omitted).]
>
> As applied here, [Vensko] alleged that he was a single vehicle policyholder with Encompass or its predecessor for over two years from the date of [] filing of the Complaint on August 6, 2009. Although the [r]ecord does not reflect a date of initial

---

[6] In **LaCaffinie**, the plaintiff/insured appealed the entry of summary judgment against him, and in favor of his automobile insurer, claiming that the insurer charged him for a more expensive stacked UM/UIM, single-vehicle insurance policy, but provided a policy that prohibited stacking. **LaCaffinie**, 55 A.3d 132 (unpublished memorandum at 1-2).

coverage,[7] based on the allegations of the Complaint, [Vensko's] acceptance of insurance with Encompass occurred prior to the decision of **Generette**. Therefore, as in **LaCaffinie**, we also find that it was impossible for Encompass to have deceived [Vensko] when he purchased his policy in 2007, which was prior to the decision in **Generette**, on the basis of case law that was not implemented until October[] 2008.

Accordingly, we hold that … Vensko[] is not sufficiently aligned with the proposed class members so as to comply with the typicality requirement of Pennsylvania Rule of Civil Procedure 1702(3)[,] and therefore, the Petition for Certification … must be denied.

Trial Court Opinion and Order, 7/15/14, at 4-6 (footnotes and brackets added).

In his first issue, Vensko argues that the trial court errantly determined that he had failed to establish the typicality prerequisite of Rule 1702(3) because **Generette** was decided after the date on which Vensko purchased his policy with Encompass. **See** Brief for Appellant at 8-9. Vensko maintains that the trial court should have applied **Generette** retroactively, asserting as follows: "In Pennsylvania, an interpretation of a statute is applied retroactively. **Kendrick v. District Attorney of Philadelphia County**, 916 A.2d 529, 538 (Pa. 2007) …. Accordingly, since the Supreme Court's decision in **Generette** was based on an interpretation of [the] MVFRL, it was required to be applied retroactively." Brief for Appellant at 9.

---

[7] As indicated above, the effective date of Vensko's policy was November 13, 2007.

Though Vensko appears to challenge the trial court's failure to retroactively apply **Generette**, Vensko's claim actually challenges the propriety of the trial court's ruling that Vensko's claim of Encompass's deception was not sufficiently typical under Rule 1702(3) to certify the proposed class. In determining whether the typicality prerequisite was met, we must look to the allegations contained in Vensko's Complaint. **See Samuel-Bassett, supra**. Essentially, the Complaint asserts that Encompass deceived Vensko and the proposed class members into paying more money for a stacked insurance policy by failing to disclose that, based on **Generette**, stacked UM/UIM coverage was allegedly prohibited, and they therefore received no stacking benefit.

Initially, Vensko does not explain in his Complaint, or on appeal, how his insurance policy with Encompass allegedly prohibited UM/UIM stacking. Nor does Vensko explain how the matter of waiver of stacking of UM/UIM coverage, discussed in **Generette**, is relevant to the instant case. Even assuming, *arguendo*, that the holding announced in **Generette** applied to the circumstances of Vensko's case, **Generette** was not decided until over eleven months *after* Vensko purchased his stacked UM/UIM policy in 2007.[8]

---

[8] Moreover, the **Generette** Court did not address whether its holding was retroactive, nor has our research disclosed any case law addressing whether the holding is retroactive. Nevertheless, as the instant case requires us to determine only whether the trial court properly concluded that Vensko failed to establish the prerequisites for class certification under Rule 1702, we decline Vensko's invitation to address the retroactivity of **Generette**.

Therefore, Vensko could not have a claim of deception based upon *Generette* before that case was actually decided.

Turning to the typicality prerequisite of Rule 1702(3), we agree with Judge Solomon's conclusion that Vensko failed to establish typicality. Vensko's above-described claim of deception at the time of his *purchase* of his stacked policy in 2007 differs from the purported claim(s) of the proposed class members concerning any alleged deception and/or inaccuracy in Encompass's stacked UM/UIM insurance policy terms arising from the change in law announced by *Generette*. *See Clark, supra* (stating that, in order for typicality to be established, the class representative's overall position on the common issues must be sufficiently aligned with that of the absent class members). In other words, Vensko's claim is not typical of those of post-*Generette* proposed class members, who could base an allegation of deception upon *Generette*. Accordingly, Vensko's first issue does not entitle him to relief.

Next, Vensko contends that Judge Solomon improperly relied on this Court's non-precedential Memorandum in *LaCaffinie*, in violation of the Superior Court Internal Operating Procedure governing unpublished memoranda. Brief for Appellant at 8 (citing 210 Pa. Code § 65.37A. (providing that "[a]n unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding[,]" except under limited circumstances that do not exist here)); *see also Schaaf v. Kaufman*, 850 A.2d 655, 658 (Pa. Super. 2004) (applying and

interpreting section 65.37A.). Vensko urges that we "vacate the denial of [the Petition for Certification,] as the lower court relied upon the *LaCaffinie* decision as its sole authority to deny class certification." Brief for Appellant at 8.

We agree with Vensko that Judge Solomon should not have relied upon the unpublished decision in *LaCaffinie*, pursuant to section 65.37A.[9] *See Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1286 (Pa. Super. 2013) (stating that the trial court violated section 65.37A. by relying upon an unpublished memorandum). However, "[i]t is well settled that this Court may affirm the decision of the trial court if it is correct on any grounds." *Id.* Here, Judge Solomon's analysis and determination is sound on its own merits, and supported by the record and the law. *See id.* (overlooking the trial court's violation of section 65.37A. where the court's rationale was correct and supported by the record). Accordingly, we will overlook Judge Solomon's non-compliance with section 65.37A., and determine that Vensko's second issue does not entitle him to relief.

Based upon the foregoing, as we discern no error of law or abuse of discretion by the trial court in denying Vensko's Petition for Certification, we affirm the Order on appeal.

Order affirmed.

---

[9] We acknowledge that Judge Solomon expressly stated that he found *LaCaffinie* persuasive, and nowhere did he indicate that the non-precedential decision was binding precedent or controlled his ruling. *See* Trial Court Opinion and Order, 7/15/14, at 4-5.

Bender, P.J.E., joins the memorandum.

Jenkins, J., files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015