J-A03026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH PILCHESKY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID BULZONI, BUSINESS ADMINISTRATOR FOR CITY OF SCRANTON, CITY OF SCRANTON, MAYOR WILLIAM COURTRIGHT, AND SCRANTON CITY COUNCIL | |
| Appellees | No. 1002 MDA 2016 |

Appeal from the Order Dated May 26, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No: 2016-CV-1374

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 26, 2017**

Appellant Joseph Pilchesky *pro se*[1] appeals from the May 26, 2016 order of the Court of Common Pleas of Lackawanna County ("trial court"), which sustained the preliminary objections of David Bulzoni, Business Administrator for the City of Scranton, William Courtright, Mayor of the City of Scranton, and Scranton City Council (collectively "Appellees") and dismissed Appellant's complaint.  Upon review, we affirm.[2]

---

[1] Appellant proceeded *pro se* at all stages of this case.

[2] By order dated June 20, 2016, our Supreme Court transferred the instant appeal to our Court.

On February 11, 2016, Appellant filed a complaint in *quo warranto* and a request for injunctive relief against Appellees to oust Appellee David Bulzoni from his appointed position of Business Administrator for the City of Scranton ("Scranton"). Appellant alleged that Appellee William Courtright assumed the Office of Mayor in January 2014. **See** Complaint, 2/11/16, at ¶ 6. Upon assuming office, Mayor Courtright appointed Bulzoni as Scranton's Business Administrator. **Id.** at ¶ 7. Appellant alleged that Bulzoni resided outside of Scranton and was required to relocate within the limits of Scranton six months from the time of commencement of employment under one of its ordinances. **Id.** at ¶ 8. Appellant further alleged that in early 2015, after Bulzoni had failed to relocate to Scranton, the Council of the City of Scranton ("City Council"), upon the Mayor's request, passed Resolution No. 122 of 2015 exempting Bulzoni from the residency requirement until December 31, 2015. **Id.** at ¶¶ 11-12; **see id.** at Ex. "B". Bulzoni failed to relocate to Scranton by December 31, 2015. **Id.** at ¶¶ 12-13. On February 4, 2016, City Council passed Resolution No. 7 of 2016, amending Resolution No. 122 of 2015 to exempt Bulzoni from the residency requirement for the duration of his employment. **Id.** at ¶¶ 13-14.

On February 25, 2016, Appellant petitioned for temporary injunctive relief, seeking the immediate removal of Bulzoni from the position of Business Administrator. On March 4, 2016, following a hearing, the trial court denied Appellant's petition for temporary injunctive relief. On the same day, Appellees filed preliminary objections to the complaint, asserting

that, under Pa.R.C.P. No. 1028(a)(2), Appellant lacked standing to institute the *quo warranto* action. Appellees argued that Appellant notified the Office of the Attorney General ("AG") by letter dated January 30, 2016, and the Lackawanna District Attorney's Office ("DA") by letter dated January 14, 2016, and imposed upon the AG and the DA a seven-day period to respond to his request to prosecute the *quo warranto* action. Because the AG and the DA had not declined to prosecute the *quo warranto* action, Appellees alleged that Appellant lacked standing to initiate the instant action. Appellees also challenged the sufficiency of Appellant's complaint through a preliminary objection based on Rule 1028(a)(4). Specifically, Appellees alleged that Resolution 7 of 2016 did not conflict with the Ordinance.

On March 24, 2016, in response to Appellees' preliminary objections, Appellant filed an amended complaint, which was nearly identical to the original complaint. The amended complaint differed only to the extent Appellant included a paragraph titled "The issue of Plaintiff's standing" to explain how he notified the AG and the DA. Appellant explained that the AG declined to prosecute the *quo warranto* action. Appellant alleged that, on March 8, 2016, he sent another letter to the DA's Office, requesting that it prosecute his *quo warranto* action and respond within ten days. Appellant further alleged that he had not yet heard from the DA's Office. ***See*** Amended Complaint, 3/24/16, at 4.

On April 13, 2016, Appellees filed preliminary objections to Appellant's amended complaint, renewing their allegation that Appellant lacked standing

- 3 -

to bring a *quo warranto* action and that City Council did not violate the Ordinance in passing Resolution No. 7 of 2016, which granted Bulzoni an indefinite residency waiver. On May 26, 2016, the trial court issued an order sustaining Appellees' preliminary objections, denying Appellant's request for injunctive relief, and dismissing Appellant's amended complaint. Appellant timely appealed to this Court.[3]

On appeal, Appellant raises two issues for our review:

[I.] Did [the] trial court err at law or abuse its discretion by denying Appellant's standing to bring a [q]uo [w]arranto [c]omplaint?

[II.] Did [the] trial court err at law by declaring that [] Appellant's [q]uo [w]arranto [c]omplaint was legally insufficient and moot?

Appellant's Brief at 4 (italicization added).

We review a trial court's order sustaining preliminary objections for an error of law and apply the same standard as the trial court. ***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012) (quotation omitted).

A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the

---

[3] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Hill v. Slippery Rock Univ.***, 138 A.3d 673, 676–77 (Pa. Super. 2016).

We begin with Appellant's second issue, *i.e.*, that City Council did not have the authority under the Ordinance to grant Bulzoni a residency waiver after Bulzoni was employed by Scranton.[4] Differently put, Appellant argues that City Council could have granted a residency waiver only **prior** to the commencement of Bulzoni's employment with Scranton. We disagree.

The Ordinance provides in relevant part:

---

[4] Based on the outcome of this appeal, we need not address the merits of Appellant's first issue implicating his standing to initiate this *quo warranto* action. We also need not address whether Appellees premised their standing challenge on an improper subsection of Pennsylvania Rule of Civil Procedure 1028(a) or whether Appellees should have endorsed their preliminary objection challenging Appellant's standing with a notice to plead.

The best interest of the City of Scranton shall be most important in employing any person or persons to work for the City. It shall be within the discretion of the Mayor in evaluating the circumstances of each potential candidate for employment to determine whether or not to seek a waiver of the residency requirement contained herein. If the Mayor decides to seek a waiver of these residency requirements for a potential candidate or candidates for employment by the City, then ***such an appointment*** to any and all employment positions within the City shall not be made unless the advice and consent of Council is secured prior to employment of the potential candidate for employment in the same manner as Cabinet Department Heads and Solicitors are confirmed.

Ordinance, File of the Council No. 17 of 1980, § 4 (emphasis added).

Here, based on our review of the Ordinance, we conclude that City Council had the authority to grant Bulzoni a residency waiver after the start of his employment with the City of Scranton. The plain language of the Ordinance provides only that an **appointment** to a position of employment must be made by advice and consent of City Council before City Council may grant a residency waiver to an employee of Scranton. In other words, contrary to Appellant's contention, the Ordinance does not require a Mayor of Scranton to seek a residency waiver from City Council prior to the hiring of an employee. Accordingly, we conclude that the trial court did not err in sustaining Appellees' preliminary objection challenging the sufficiency of Appellant's complaint under Rule 1028(a)(4). ***See Liberty Mut. Ins. Co. v. Domtar Paper Co.***, 77 A.3d 1282, 1286 (Pa. Super. 2013) (noting that it is well settled that if the trial court's decision is correct, we may affirm it on any ground supported by the record on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2017