J-S56033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HIBU, INC., F/K/A YELLOWBOOK, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES J. GEIBIG, D/B/A JAMES J. GEIBIG ATTORNEY AT LAW, | |
| Appellant | No. 3533 EDA 2016 |

Appeal from the Order September 28, 2016
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2015-32797

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 31, 2017**

Appellant, James J. Geibig, d/b/a James J. Geibig Attorney at Law, appeals from the trial court's order entering summary judgment in favor of Appellee, Hibu, Inc. f/k/a Yellowbook, Inc.[1]  We affirm.

We take the following relevant facts and procedural history from the trial court's February 27, 2017 opinion and our independent review of the certified record.  Appellee is a Delaware corporation registered to do business in Pennsylvania, and it publishes a telephone directory known as the Yellow Book.  Appellant is an attorney who allegedly entered into a written advertising

_____

* Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the date the order was entered on the docket.

contract with Appellee on October 29, 2013. Appellant brought this action in the trial court on December 24, 2015, by appeal from a magisterial district court judgment. On January 7, 2016, Appellee filed a complaint against Appellant, alleging breach of contract and unjust enrichment for his failure to pay for advertising and directory-listing services.

On February 8, 2016, Appellant filed preliminary objections to the complaint and a brief, in which he alleged improper venue and various deficiencies in the complaint, and requested oral argument. **See** Pa.R.C.P. 1028(a)(1)-(3).[2] The trial court overruled and dismissed the preliminary objections on June 8, 2016, and permitted Appellant to file an answer to the complaint within twenty days. Appellant filed an answer on June 28, 2016.

On June 29, 2016, Appellee filed a motion for summary judgment and requested oral argument. Appellant did not file a response. Three months after Appellee filed its motion, on September 28, 2016, the trial court issued its order entering summary judgment in favor of Appellee in the amount of $5,999.56, plus interest and costs. This timely appeal followed.[3]

Appellant raises the following issues for our review:

I. Whether the trial court erred and/or abused its discretion in failing to schedule a hearing and/or oral argument in regard to [Appellant's] preliminary objections?

---

[2] As discussed more fully **infra**, Appellant's preliminary objections were untimely.

[3] Appellant filed a court-ordered concise statement of errors complained of on appeal, and the trial court subsequently entered an opinion, on February 27, 2017. **See** Pa.R.A.P. 1925.

II. Whether the trial court erred and/or abused its discretion in dismissing [Appellant's] preliminary objections?

III. Whether the trial court erred and/or abused its discretion in failing to order a briefing schedule and/or oral argument in regard to [Appellee's] motion for summary judgment?

IV. Whether the trial court erred and/or abused its discretion in granting [Appellee's] motion for summary judgment?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

We will address Appellant's first two issues challenging the trial court's ruling on his preliminary objections together because they are related. Appellant first argues that the court erred and abused its discretion in failing to schedule oral argument on the matter. (*See id.* at 8-11). He also alleges trial court error in overruling the preliminary objections where venue was improper and Appellee's complaint deficient. (*See id.* at 11-14). These claims do not merit relief.

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*Greenberg v. McGraw*, 161 A.3d 976, 980 (Pa. Super. 2017) (citation omitted).

"[Pennsylvania] Rule [of Civil Procedure] 1028, which limits preliminary objections to several grounds, . . . requires all preliminary objections to be raised at once and within twenty days of service of the preceding pleading." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1282 (Pa. 2006)

(citing Pa.R.C.P. 1026(a) (setting forth twenty-day filing requirement for pleadings)).  Regarding the timeliness requirement for preliminary objections, "[t]his rule is not mandatory but permissive. . . .  **Much must be left to the discretion of the lower court**." *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1285 (Pa. Super. 2013), *aff'd*, 113 A.3d 1230 (Pa. 2015) (citation omitted; emphasis added).

In addition, "every court [is required] to promulgate Local Rule 1028(c) describing the local court procedure governing preliminary objections." Pa.R.C.P. 1028(c)(2), Note.  Instantly, the relevant local rule provides, in pertinent part:

> **Rule 1028(c).  Preliminary Objections.**
>
> (1) **Filing**.  All preliminary objections shall be filed:
>
>> (a) in accordance with Pa.R.C.P. 1028,
>>
>> (b) along with:
>>
>>> (1) a cover sheet in the form set forth in Rule 205.2(b),
>>>
>>> (2) a brief or memorandum of law, as set forth in Rule 210[.]
>
> \*     \*     \*
>
> (3) **Disposition**. Forty-five (45) days from the filing of preliminary objections, the matter shall be referred to a Judge for disposition. . . . If oral argument was requested by either party on their respective cover sheets, the matter **may** be scheduled for argument. . . .

> (4) **Timely Filed Briefs**. **If the brief of either party is not timely filed, either in accordance with this Rule or by order of the Court, the Judge may**:
>
> (a) **Dismiss the preliminary objections where the moving party has failed to comply**[.]

Montg. Co.R.C.P. 1028(c)(1)(a)-(b)(2), (3), (4)(a) (emphases added).

Here, Appellant did request oral argument on the cover sheet he submitted with the preliminary objections. However, Appellant filed the preliminary objections and brief thirty-two days after service of the complaint, well outside of the twenty-day deadline. Therefore, as previously noted, his filing was clearly untimely. **See** Pa.R.C.P. 1026(a); **Zappala**, **supra** at 1272. The trial court, in accordance with the applicable local rule, declined to schedule oral argument and dismissed the preliminary objections. **See** Montg. Co.R.C.P. 1028(c)(1)(b)(2), (3), (4)(a); (**see also** Trial Court Opinion, 2/27/17, at 2-3; Memorandum & Order Sur Preliminary Objections, 6/08/16, at 1, 5-6). Upon review, we discern no abuse of discretion or error of law in the trial court's dismissal of the preliminary objections without holding argument. **See Greenberg**, **supra** at 980; **Liberty Mut. Ins. Co.**, **supra** at 1285. Accordingly, Appellant's first two issues merit no relief.

Appellant's third and fourth issues concern the trial court's entry of summary judgment in favor of Appellee. (**See** Appellant's Brief, at 14-16). The relevant standard and scope of review is as follows:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035.2(1). When

- 5 -

considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

> To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 818 (Pa. 2017) (case citations and internal quotation marks omitted).

In his third issue, Appellant contends the trial court erred in failing to order a briefing schedule or oral argument regarding Appellee's motion for summary judgment. (*See* Appellant's Brief, at 14). This issue is waived.

An appellate brief must support the claims presented with pertinent discussion, references to the record, and citations to legal authorities. *See* Pa.R.A.P. 2119(a)-(c). It is well-settled that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant. When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101[.]" *Irwin Union Nat. Bank & Tr. Co. v. Famous*, 4 A.3d

1099, 1103 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1212 (Pa. 2011) (case citations omitted).

Here, Appellant's two-paragraph argument on this issue is undeveloped, in that it fails to provide meaningful discussion of pertinent legal authority as it relates to the facts of this case. (**See** Appellant's Brief, at 14). He provides only a bare reference to Pa.R.C.P. 1035.3(e)(1), for the proposition that a party must be given a full and fair opportunity to oppose summary judgment. Because Appellant's third argument is defective, it is waived.[4]

In his fourth issue, Appellant claims trial court error and abuse of discretion in granting the motion for summary judgment where genuine issues of material fact are in dispute regarding his purported contract with Appellee. (**See** Appellant's Brief, at 14-16). This issue lacks merit.

---

[4] Moreover, we note that this issue would not merit relief. With respect to Appellant's claim regarding oral argument on the motion for summary judgment, which **Appellee** requested, the local rule provides that the court's scheduling of argument is discretionary. (**See** Trial Ct. Op., at 3-4); **see also** Montg. Co.R.C.P. 1035.2(a)(3) ("If oral argument was requested by either party on their respective cover sheets, the matter **may** be scheduled for argument.") (emphasis added). Regarding the court's purported failure to provide a briefing schedule, both Pa.R.C.P. 1035.3(a) and the relevant local rule plainly mandate that an adverse party file a response to a motion for summary judgment within thirty days. **See** Pa.R.C.P. 1035.3(a); Montg. Co.R.C.P. 1035.2(a)(2)(b). Thus, the deadline for Appellant to file a response to the motion for summary judgment was evident, and a briefing schedule unnecessary.

Pa.R.C.P. 1035.3 sets forth the procedure for a party's response to a motion for summary judgment, and the potential consequence of failure to respond. It states, in pertinent part:

> (a) Except as provided in subdivision (e), **the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion**[5] identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
>          *     *     *
>
> (d) **Summary judgment may be entered against a party who does not respond**.

Pa.R.C.P. 1035.3(a)(1)-(2), (d) (Note omitted).

Thus, the non-moving party bears an affirmative duty to respond to a motion for summary judgment, and if that party does not respond, the trial court may enter summary judgment on that basis. *See id*; *see also Walsh v. Borczon*, 881 A.2d 1, 5 (Pa. Super. 2005).

In the instant case, Appellant failed to respond to Appellee's motion for summary judgment, despite the clear legal authority obligating him to do so.

_____

[5] As previously noted, the relevant local rule mirrors this thirty-day response requirement. (*See supra*, at *7, n.4).

The trial court did not rule on the motion until three months after Appellee filed it, well beyond the thirty-day deadline for Appellant to file a response. Under these circumstances, we conclude that the trial court did not err or abuse its discretion in entering summary judgment against Appellant. **See** Pa.R.C.P. 1035.3(d); **Yenchi**, **supra** at 818. Therefore, Appellant's final issue does not merit relief. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017