J-A07028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENNIS ATIYEH, LAURIE ATIYEH H/W AND  LEHIGH VALLEY PROPERTIES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| THE FREDERICK GROUP, LLC,  AND FREDERICK M. LESAVOY, MAI, SRA | : : : : : | No. 2482 EDA 2018 |
| APPEAL OF: LEHIGH VALLEY PROPERTIES | : : | |

Appeal from the Order Entered July 24, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2017-C-2454

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 15, 2019**

Appellant, Lehigh Valley Properties, appeals from the Order entered July 24, 2018, which sustained Preliminary Objections filed by Appellees, the Frederick Group, LLC and Frederick M. Lesavoy, MAI, SRA, and dismissed Appellant's Amended Complaint with prejudice.  We affirm.

In August 2011, the city of Allentown initiated eminent domain proceedings against property owned by Appellant in Lehigh County.  Amended Complaint, 4/19/18, at ¶ 5.  The city contracted with Appellees to prepare an appraisal of Appellant's property.  *Id.* at ¶¶ 9, 25, Exhibit A.

_____

*   Former Justice specially assigned to the Superior Court.

Dissatisfied with the appraisal, Appellant initiated litigation against the city of Allentown. *Id.* at ¶ 14. The parties eventually settled. *See id.* at 18; Preliminary Objections to Amended Complaint, 5/8/18, at ¶ 4.

Even though Appellant settled the eminent domain action, Appellant commenced the current litigation, asserting claims of negligence for Appellees' preparation of an appraisal for the city of Allentown in the eminent domain proceedings. Appellant only alleged economic damages. *See* Complaint, 8/4/17.[1] In response, Appellees filed Preliminary Objections in the nature of demurrers, asserting, *inter alia*, that Appellant's claims were barred by the doctrines of witness immunity[2] and economic loss.[3] *See* Preliminary Objections, 9/28/17. The trial court specifically sustained these objections and dismissed Appellant's Complaint but granted Appellant leave to amend. Trial Ct. Order, 4/2/18 (dated 3/31/18); *see also* Trial Ct. Mem. Op., filed 4/2/18, at 6-13 (comprehensively analyzing Appellees' immunity from civil liability in this case).

---

[1] Essentially, Appellant claimed that Appellees breached a duty to Appellant when they negligently prepared an appraisal of its property, resulting in damages to Appellant. *See generally id.*

[2] The witness immunity doctrine insulates witnesses from civil liability for statements made during or in preparation for judicial proceedings. *See generally LLMD of Michigan, Inc. v. Jackson-Cross Co.*, 740 A.2d 186 (Pa. 1999); *Panitz v. Behrend*, 632 A.2d 562 (Pa. Super. 1993).

[3] The economic loss doctrine precludes tort claims alleging purely economic damages. *See generally Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005) (*Bilt-Rite*).

In April 2018, Appellant filed an Amended Complaint, asserting that, in addition to those economic damages previously claimed, Appellant had also suffered property damage. Amended Complaint at ¶¶ 33, 46. Appellant did not plead additional facts applicable to the doctrine of witness immunity. ***See generally*** Amended Complaint. In response, Appellees renewed their prior Preliminary Objections, noting that the trial court's prior determination that Appellees were immune from civil liability constituted the law of the case and further asserting that Appellant's amended claim for property damages was not causally related to any allegations of Appellees' purported negligence, thus the economic loss doctrine continued to apply. Preliminary Objections to Amended Complaint at ¶¶ 8, 10. Following further briefing and argument, the trial court sustained Appellees' Preliminary Objections and dismissed Appellant's Amended Complaint with prejudice. Trial Ct. Order, 7/24/18.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. In its Statement, Appellant asserted that the trial court had erred in applying the economic loss doctrine to preclude its amended claims, citing for the first time the Pennsylvania Supreme Court's decision in ***Bilt-Rite***, which adopted the Restatement of Torts (2d) § 552 as an exception to the economic loss doctrine. ***See*** Appellant's Pa.R.A.P. 1925(b) Statement, 9/18/18, at 2 n.1 (conceding that Appellant had not previously relied upon ***Bilt-Rite*** or the Restatement); ***see also Bilt-Rite***, 866 A.2d at 285. The remainder of Appellant's claims are not clear. However, we infer that Appellant further suggests that the court's initial decision, *i.e.*, granting

- 3 -

Appellant leave to amend its Complaint, precluded any further demurrer. *See id.* at 3.

The trial court issued a responsive Opinion pursuant to Pa.R.A.P. 1925(a). *See* Trial Ct. Pa.R.A.P. 1925(b) Op., filed 10/15/18. First, the trial court concluded that Appellant had waived any consideration of *Bilt-Rite*. *Id.* at 3. Nevertheless, the court further observed that the Supreme Court's decision in *Bilt-Rite* was inapposite. *Id.* at 3-5. Referencing its prior analyses, the trial court reiterated that the doctrine of witness immunity precluded Appellant's claims. *Id.* at 3 n.2.

Appellant asserts the following issues on appeal:

[1. Whether] the [trial c]ourt err[ed] in dismissing the [A]mended [C]omplaint for failure to allege additional facts that [Appellees] were not immune from suit[,] when [the alleged] facts were sufficient under Pennsylvania law to state a case of negligence under Restatement of Torts (2D) section 552[;]

[2. Whether] the [trial c]ourt err[ed] in dismissing the [A]mended [C]omplaint for failure to allege additional facts that [Appellees] were not immune from suit[,] when the prior [O]rder [granted] [Appellant] [leave] to amend [its] [C]omplaint to plead economic loss citing the damages to property sustained by [Appellant] based on the addition of the real property which was alleged to be damaged by [Appellees'] negligence[;]

[3. Whether] the [trial c]ourt err[ed] in not allowing the [A]mended [C]omplaint that complied with the [c]ourt[']s prior order[; and]

[4. Whether] the [trial c]ourt err[ed] when it dismissed the case based on the law of the case doctrine when its prior order allowed the case to be re-plead under the economic loss doctrine[.]

Appellant's Br. at 6-9 (footnote omitted).

Appellant challenges the trial court's decision to sustain Appellees' Preliminary Objections and dismiss its Amended Complaint with prejudice. We review the court's decision for an error of law. *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1285 (Pa. Super. 2013) (citation omitted). Additionally, we must apply the same standard as the trial court:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections [that] seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.* (citation omitted).

Although Appellant purports to raise four issues on appeal, Appellant asserts only two arguments, both addressing the economic loss doctrine. *See* Appellant's Br. at 13-14, 15, 22. Essentially, Appellant first contends that it pleaded a legally sufficient claim sounding in professional negligence. *Id.* at 15-22 (citing the *Bilt-Rite* exception). Second, Appellant contends that its amended pleadings corrected deficiencies observed in its initial Complaint. According to Appellant, it pleaded new facts linking its alleged economic damages to property damage, and therefore, its pleadings were sufficient to overcome the economic loss doctrine. *Id.* at 14, 22-24. Thus, according to

Appellant, the trial court erred in dismissing its Amended Complaint. **See id.** at 24-25.

We decline to address these arguments in detail. In sustaining Appellees' Preliminary Objections, the trial court relied upon **both** the witness immunity doctrine **and** the economic loss doctrine. These doctrines are distinct legal theories, premised upon unique policy considerations, and serve independently to limit a plaintiff's right to tort relief. **Compare LLMD of Michigan**, 740 A.2d at 191 (recognizing that witness immunity from civil liability "ensure[s] that the path to the truth is left as free and unobstructed as possible and . . . protect[s] the [integrity of the] judicial process"), **and Panitz**, 632 A.2d at 564 ("The privilege, thus, serves the salutary purpose of encouraging witnesses to give frank and truthful testimony."); **with Bilt-Rite**, 866 A.2d at 283 (describing the rationale of the economic loss doctrine—that tort law protects persons and property from injury and "is not intended to compensate parties for [economic] losses").

In its brief, Appellant has failed to develop any argument opposing the trial court's reliance upon the witness immunity doctrine, nor could it do so in good faith. To the contrary, Appellant pleaded in its Amended Complaint that Appellees prepared a professional appraisal of Appellant's property on behalf of its client, the city of Allentown, in support of the eminent domain action the city had initiated against Appellant. **See** Amended Complaint at ¶¶ 9, 25, Exhibit A. In addition, Appellant concedes, "expert witnesses are immune from suit" in Pennsylvania. Appellant's Br. at 21; **see also Panitz**, 632 A.2d

at 565 (recognizing that immunity extends beyond in-court testimony, including "all communications issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought") (citation and quotation marks omitted). Therefore, even if we were to consider and credit Appellant's arguments relative to the economic loss doctrine, the trial court's immunity analysis remains dispositive.[4] Therefore, we affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/19

_____

[4] To be clear, we discern no error in the court's analysis of the witness immunity doctrine in this case. Therefore, we affirm. *Liberty Mut. Ins. Co.*, 77 A.3d at 1285. Further, we discern no error in the trial court's analysis of Appellant's ***Bilt-Rite*** argument. First, as noted by the trial court, Appellant did not cite ***Bilt-Rite*** in timely fashion and, therefore, has waived any reliance thereon. **See** Trial Ct. Pa.R.A.P. 1925(b) Op. at 3-4. Moreover, absent waiver, Appellant's reliance on ***Bilt-Rite*** is misplaced. ***See id.*** at 4-5 (explaining that Appellant's alleged reliance on Appellees' appraisal was neither justifiable or foreseeable, and therefore, Appellant could not establish the ***Bilt-Rite*** exception to the economic loss doctrine).