J-A03014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVEN FRIEDMAN, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF GAIL FRIEDMAN, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| KEVIN M. FOSNOCHT, MD AND PENN PRESBYTERIAN MEDICAL CENTER, AKA A UNIT OF THE HOSPITALS OF THE UNIVERSITY OF PENNSYLVANIA- PENN PRESBYTERIAN, IN TURN AKA A UNIT OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, IN TURN AKA AS A UNIT OF THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, AND FRESENIUS MEDICAL CARE NORTH AMERICA, AND DAVITA KIDNEY CARE, AKA A UNIT OF DAVITA HEALTHCARE PARTNERS, INC. | : : : : : : : : : : : : : : : : : : : | |
| APPEAL OF: STEVEN FRIEDMAN | : | No. 865 EDA 2017 |

Appeal from the Order Entered February 15, 2017
In the Court of Common Pleas of Philadelphia
County Civil Division at No(s):  150800211

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED JULY 10, 2018**

Appellant, Steven Friedman, individually and as executor of the estate of Gail Friedman, deceased, appeals from the final order entered in the Philadelphia County Court of Common Pleas, which granted judgment on the pleadings and disposed of all the claims and parties in this case.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant

_____

* Retired Senior Judge assigned to the Superior Court.

facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> DID THE [TRIAL COURT] ABUSE [ITS] DISCRETION AND/OR COMMIT [AN] ERROR OF LAW WHEN IT (1) STRUCK APPELLANT'S [FOURTH] AMENDED COMPLAINT, AND (2) FAILED TO ALLOW APPELLANT TO PLEAD OVER OR ANSWER PRELIMINARY OBJECTIONS, AS PROVIDED IN [PA.R.C.P.] 1028(D)?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable M. Teresa Sarmina, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed October 4, 2017, at 4-13) (finding: as presented in his Rule 1925(b) statement, Appellant's claims are waived because they lack specificity, absent reasons for how or why court erred, thus they are too vague; moreover, court sustained some of defendants' preliminary objections because Appellant failed to state claims for relief properly, failed to rectify errors in his amended complaints, and failed to obey court's order to address shortcomings in his third amended complaint; court had discretion to strike Appellant's fourth amended complaint which he filed without leave of court). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

J-A03014-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/18

## PHILADELPHIA COURT OF COMMON PLEAS
### CIVIL TRIAL DIVISION

STEVEN FRIEDMAN, Individually and
as Executor of the Estate of
GAIL FRIEDMAN, Deceased

v.

KEVIN M. FOSNOCHT, M.D., et al.

Sarmina, J.
October 4, 2017

:
:
:
:
:
:
:

AUGUST TERM, 2015
No. 0211

Superior Court Docket No.:
865 EDA 2017

## OPINION

This is an appeal from an Order entered on February 14, 2017, granting judgment on the pleadings in favor of Defendants Kevin M. Fosnocht, M.D., Penn Presbyterian Medical Center ("PPMC"), and Trustees of the University of Pennsylvania ("Penn Defendants") on all of Appellant Dr. Steven Friedman's claims.

## PROCEDURAL HISTORY:

Appellant first brought this medical malpractice action on August 3, 2015. Appellant filed his Third Amended Complaint, after numerous exchanges of preliminary objections, on January 29, 2016. Defendants sought, as they had on previous complaints, dismissal of several counts. After a hearing on May 11, 2016, this Court, on May 16, 2016, partially granted Defendants' objections, striking Counts V, VI, VII, and VIII—false imprisonment and strict liability claims—of the Third Amended Complaint and deferred ruling on the remaining objections.[1]

On May 24, 2016, Appellant filed a Fourth Amended Complaint that added new claims and a significant amount of new content. On May 25, 2016, the Court struck the Fourth Amended

---

[1] At the May 11, 2016 hearing, this Court gave Appellant specific instructions as to how to proceed. See discussion below.

1



Complaint due to Appellant's noncompliance with the Court's instructions and inclusion of additional claims.

On June 6, 2016, this Court issued three separate Orders. The first Order (Control No. 16031982) overruled Appellant's preliminary objections to Defendant PPMC's preliminary objections. The second Order (Control No. 16023240) sustained Defendant Fresenius Medical Care of North America's preliminary objection, dismissing all claims of liability against Fresenius with prejudice for legal insufficiency. The third Order (Control No. 16023063) (1) struck Count II—negligence against Defendant Dr. Fosnocht—with prejudice; (2) struck all references to unnamed and unidentified agents, servants, and employees with prejudice; (3) amended all claims for damages suffered by Appellant in Counts I and II (negligence against PPMC and Dr. Fosnocht) "to properly reflect claims for loss of consortium;" (4) struck "all vague allegations of negligence and causation" with prejudice; and (5) struck paragraphs eight through twelve of the Third Amended Complaint with prejudice and dismissed Defendants Hospital of the University of Pennsylvania-Penn Presbyterian and the University of Pennsylvania Health System.

On June 27, 2016, Plaintiff filed a Motion for Reconsideration of the May 25th Order and the three Orders of June 6, 2016. This Court denied that Motion for Reconsideration on July 1, 2016.

On December 5, 2016, Defendants filed a Motion for Judgment on the Pleadings to which multiple responsive pleadings were filed. The Honorable Rosalyn Robinson granted Defendants' Motion on February 14, 2017. On March 15, 2017, Appellant filed a Notice of Appeal. On June 15, 2017, Judge Robinson ordered Appellant to file a Rule 1925(b) Statement of Matters Complained on Appeal ("1925(b) Statement"). Appellant timely filed his 1925(b) Statement on July 7, 2017.

Appellant's 1925(b) Statement is somewhat unconventional, but as best this Court can interpret, the allegations of error can be summarized as follows:[2]

1. This Court and staff failed to properly memorialize in-court rulings at the preliminary objections stage, leading to an incomplete and inaccurate docket/record;[3]

2. This Court erred in striking Appellant's Fourth Amended Complaint;

3. This Court erred in failing to allow Appellant to file written Answers to Defendants' Preliminary Objections;

4. This Court erred in dismissing most of Appellant's claims;

5. This Court erred in denying Appellant's Motion for Reconsideration; and

6. Appellant prays for "leave to file his 4th Amended Complaint, consistent with [Appellant's] Answer to the Rule to Show Cause."[4]

## FACTS:

This is a medical malpractice action brought by Dr. Steven Friedman, both individually and as executor of his late wife's, Gail Friedman, estate.[5] Between June 3, 2013, and October 31, 2014,[6] Ms. Friedman received more or less continuous inpatient medical treatment at numerous healthcare facilities. Her treatment specifically included hemodialysis three times per week as well as physical, occupational, and speech therapy. Appellant alleged that his wife received inadequate and negligent care at these facilities, resulting in her physical injuries, prolonged hospitalization, further improper medical treatment, and related economic and noneconomic injuries.

---

[2] This appeal is based entirely on this Court's actions and not on Judge Robinson's grant of judgment on the pleading. Thus, there will be no substantive discussion on the judgment on the pleadings.

[3] Appellant also frequently complained in his 1925(b) Statement that the Court's actions were performed in contravention of "usual procedure."

[4] This Court is unaware of what "Rule to Show Cause" Appellant refers to in his 1925(b) Statement.

[5] Appellant stated in his Third Amended Complaint that he also "was or had also been Gail Friedman's primary care physician, attorney, power-of-attorney, durable power-of-attorney, and health care surrogate." (1/29/16 Third Amend. Compl. ¶ 2.).

[6] Decedent died on the October date while an inpatient at PPMC.

3

Appellant filed suit against several healthcare facilities, including Penn Defendants, and Kevin Fosnocht, M.D., the Chief Medical Officer and Associate Executive Director of PPMC, under theories of negligence (Counts I and II), "willful or wanton conduct, and/or reckless endangerment" (Counts III and IV), false imprisonment (Counts V and VI), strict liability (Counts VII and VIII), vicarious liability (Counts IX and X), negligence against Forsenius[7] (Count XI), negligence against DaVita (Count XII) and loss of consortium against all defendants (Counts XIII and XIV).

## LEGAL ANALYSIS:

Appellant filed the instant appeal on the basis of the grant of judgment on the pleadings, although he does not challenge that Order. Instead Appellant complains of this Court's prior rulings at the preliminary objections stage, which led to the judgment on the pleadings.[8]

Prior to addressing Appellant's complained-of-rulings, this Court notes Appellant's failure under the requirements of Pa.R.A.P. 1925. "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). While Appellant is neither required to cite to any authorities (id.) nor required to file a brief or memorandum of law, (Pa.R.A.P. 1925(b)(4)(iii)), any issues "not raised in accordance with the provisions of this paragraph (b)(4) are waived." Id. at (b)(4)(vii). Superior Court has previously held, in line with the Pennsylvania Supreme Court's bright-line rule, that the failure to specify issues in a 1925(b) Statement results in waiver. Commonwealth v. Johnson, 51 A.3d 237, 247 (Pa.Super. 2012); see also Commonwealth v. Hansley, 24 A.3d 410, 415 (Pa.Super. 2011) (stating "the

---

[7] This Court understood Appellant's claims against "Forsenius" referred to Defendant Fresenius as properly referenced in the case caption and ¶ 5.

[8] Appellant properly raises this Court's prior rulings on preliminary objections in this appeal on judgment on the pleadings, because "a notice of appeal filed from the entry of judgment [is] viewed as drawing into question any prior non-final orders that produced the judgment." K.H. v. J.R., 826 A.2d 863, 871 (Pa. 2003) (citations omitted).

4

Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal.") (quotation omitted); Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa.Super. 2006) (stating "when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.").

Specifically, regarding the third and fourth allegations of error, Appellant does not go into any further detail beyond simply stating "These errors of law and/or abuses of discretion continued when the Honorable Judge Sarmina...failed to allow plaintiff the opportunity to file written Answers to defendants' preliminary objections [and] dismissed most claims against defendants Fosnocht and Penn Presbyterian Medical Center...." It is clear that Appellant has failed to allege with the required specificity the issues Appellant has with this Court's ruling to deny his preliminary objections and not allow him to file a written Answer, and with the Court's ruling to dismiss most of his claims. In particular, Appellant fails to state *why* he was entitled to file a written Answer to Defendants' preliminary objections and which claims he objects to having been dismissed and *why* he objects to their dismissal. Appellant has not met the specificity requirement with his limited, vague allegations for either issue, and they are therefore waived.[9]

Appellant's complained-of rulings were docketed on May 16, May 25, June 6, and July 1, 2016. We address each in turn.

## I.    The May 16, 2016 Order

On May 16, 2016, this Court issued an Order memorializing the rulings it had made at the preliminary objections hearing on May 11, 2016. Appellant contends that the Court orally granted him permission to file a Fourth Amended Complaint at the May 11th hearing. Appellant further contends that because the Court did not docket an Order memorializing all the Judge's rulings until five days later, this delay led to an errant docketing omission of his leave to file his Fourth Amended Complaint.

_____

[9] The analysis already having been conducted, this Court nonetheless addresses both issues below.

5

The May 16th Order sustained two of Defendants' preliminary objections, striking with prejudice from the Third Amended Complaint Counts V, VI, VII, and VIII (claims for false imprisonment and strict liability). The Order also contained a footnote stating, "Following oral argument, the plaintiff was allowed leave to file additional materials no later than May 23, 2016.... [T]his Court will defer ruling on the remainder of defendants' post-trial motions[10] until all filings have been submitted." Appellant contends that the "leave to file additional materials" clause refers to the Court's permission for him to file his Fourth Amended Complaint.

The Court instructed Appellant to submit the results of his research on "whether [a hospital chief medical officer]'s actions or inactions would render him independently liable on some theory and what that theory is," Notes of Testimony (N.T.) 5/11/16 at 29, and whether punitive damages might be available under the MCARE Act. Id. at 35. As for the amended complaint, the record reflects that the Court did grant Appellant leave to file, but this grant of permission was strictly limited. Appellant had suggested to the Court multiple times that he be permitted to file a fourth complaint that was generally reworked in several areas, but the Court imposed specific limitations on what changes could be made in a fourth complaint. See id. at 40-43 (specifying that the permitted alterations would be the striking and moving of certain paragraphs), 55-56 ("[Dr. Friedman]: I would, frankly, prefer to amend the complaint...." "[The Court]: Well, rather than have you amend it...I am going to go ahead and grant defendant's preliminary objections, or sustain them, regarding the strict liability claims."), 60-61 and 85-86 (instructing Dr. Friedman to specify more clearly the factual basis for a negligence claim against Defendant Fresenius), and 87 (agreeing that Appellant would include Defendant DaVita in his new Americans with Disabilities Act claim and would withdraw any negligence specification regarding Defendant Fresenius).

---

[10] The reference to "post-trial motions" is a clear misstatement that should have been stated as "preliminary objections," as the case was clearly still in its pretrial stages. Appellant, however, implies that this error is indicative of the Court's incompetence and "forgetfulness."

6

At the end of the hearing, the Court also specifically addressed Defendants' question of whether "Mr. Friedman would be granted blanket leave to amend his complaint." Id. at 88. The Court responded in the negative and specifically stated, "That doesn't mean that you suddenly have *carte blanche*, Mr. Friedman, *to start adding all kinds of things other than what we've talked about here today.*" Id. at 89. (emphasis added). The Court addressed that Appellant might be filing "just some case law" or that "he might be refining...an amended complaint and taking out the negligence language and a few other things, now that things have been stricken." Id. At 90-91. Furthermore, the Court summarized the hearing and listed some of the actions that Appellant was to take, such as filing with the Court "something...as to [Defendant] Dr. Fosnocht and why he should not just become part of the corporate negligence claim." Id. at 93.

Thus, the record shows that the Court's instructions on the permissible content of Appellant's new filings were explicit and strictly limited. Appellant was in no way granted leave to amend his complaint in other ways. The Court was unwilling to allow Appellant to file an amended complaint with new claims (see id. at 40), which prompted clear instructions as to what changes were permissible.

## II.    The May 25, 2016 Order

Appellant takes issue with the Court's May 25th Order, which was entered in response to Appellant's Fourth Amended Complaint, filed on May 24, 2016.[11]

The Court's instructions regarding the scope and contents of a Fourth Amended Complaint have been laid out above. Indeed, as the text of the May 25th Order states, "[T]he plaintiff was given

---

[11] Appellant argued in his Motion for Reconsideration that, "despite having had difficulty with the electronic filing system, [he] believed he had successfully filed the Fourth Amended Complaint" on the filing deadline date, May 23rd. However, no filing was docketed until the day after, although he did submit via email to this Court's law clerk automated filing confirmation emails dated May 23rd. The Court did not consider Appellant's electronic filing to be untimely.

7

leave to amend his complaint only to rectify certain errors within his third amended complaint."[12] Appellant's filing did not comply with those instructions.

To begin with, Appellant failed to submit any brief or case law to the Court, as ordered, on the potential for claims against Defendant Dr. Fosnocht and the potential availability of punitive damages under the MCARE Act. In his later June 27th Motion for Reconsideration, Appellant argued that he had not submitted the briefs because "those briefings had to await the (presumably) defendant-amended preliminary objections [to the new Fourth Amended Complaint], and would have been included in plaintiff's answers thereto." Pl.'s Mot. Recons. at ¶ 14(2). Appellant added in a footnote, "Filing the Fourth Amended Complaint, no matter what it contained, would render moot all preliminary objections to the Third Amended Complaint." Id. at n.2. However, as the text of the May 16th Order clearly shows, the deadline for Appellant's additional filings was May 23, 2016. There was no discussion or grant of leave for Appellant to only brief the issues if and when Defendants filed new preliminary objections, despite the fact that Appellant thought it "illogical" to do otherwise Id. at ¶ 14(2). Appellant was not required to agree with the Court Order for him to be bound by it.

Additionally, Appellant's Fourth Amended Complaint contained new contract and civil conspiracy claims, even though the Court was explicitly clear in stating that Appellant's permitted amendments were strictly confined and that *he was not permitted to add new claims beyond those discussed at the hearing.* See N.T. 5/11/16 at 89 (stating that Appellant did not "have *carte blanche*...to start adding things other than what we've talked about here today."). As such, appellant's later contention in his Motion for Reconsideration that the Court never prohibited the addition of new claims is

---

[12] By way of further explanation, this Court gave Appellant instructions that if he were to file an amended complaint, to amend a negligence claim against Defendant Fresenius that included ADA language. N.T. 5/11/16 at 56-87. Appellant was given similar instructions on a similar negligence claim against Defendant DaVita that included ADA language. This Court envisioned Appellant would rectify the errors by removing "negligence" and instead focus on the ADA. The Court did not envision Appellant would instead file an amended complaint that included two new claims and merely add under each claim that each Defendant "thereby also violated the reasonable accommodation requirements of Title II of the Americans with Disabilities Act (ADA) *et seq.*" 5/24/16 Fourth Amend. Compl. ¶¶ 97 and 102.

8

disingenuous. As the Court never granted Appellant leave to raise contract or conspiracy claims,[13] he was precluded from doing so, and thus violated the Court's instructions. This Court therefore correctly asserted in the May 25th Order that Appellant "filed an extensive fourth amended complaint that did not comply with this Court's instructions and included the addition of claims."

"It is well settled that…the right to amend pleadings is within sound discretion of the trial court and should be liberally granted." Ash v. Continental Ins. Co., 932 A.2d 877, 879 (Pa. 2007) (citation omitted). The trial court's determination will not be disturbed absent an abuse of that discretion. Id. (citation omitted). However, amendments that present new causes of action or that will unfairly surprise or prejudice the opposing party should not be allowed. Borough of Mifflinburg v. Heim, 705 A.2d 456, 463 (Pa.Super. 1997) (citation omitted). Appellant had previously been permitted to file three prior amendments, in the interests of allowing claims to be judged on their merits, and was authorized by this Court to file a limited fourth amendment. Appellant freely chose to file a noncompliant amended complaint with new claims that would cause surprise and unfair prejudice to Defendants. Therefore, it was well within the sound discretion of the Court to reject Appellant's Fourth Amended Complaint.

Appellant argues extensively in his 1925(b) Statement that the Court's May 16th Order was the result of the Court's "forgetfulness" and "failure to timely memorialize." As exhibits to his Motion for Reconsideration, he presented a chain of emails involving opposing counsel, this Court's law clerk, and himself. He claims the Court erred in issuing the May 25th Order without first waiting until it received transcripts of the hearing, as the law clerk stated in an email dated May 24:

---

[13] At most, the civil conspiracy and contract claims (see Fourth Am. Compl. ¶¶ 94-104) contain averments that, by committing breach of contract and civil conspiracy, the relevant Defendants "also" violated the Americans with Disabilities Act. (¶¶ 97, 102.) While the ADA was discussed at the hearing, there was no discussion of contract or conspiracy claims, and the Complaint merely cites the ADA violations as incidental consequences of the commission of other torts. This Court views Appellant's attempted use of the alleged ADA violations to shoehorn in impermissible new claims as contrary to the Court's instructions.

9

Judge Sarmina has instructed me to obtain the notes of testimony from the date of oral argument to ascertain exactly what Her Honor instructed Mr. Friedman to file (as she does not recall giving Mr. Friedman leave to file another amended complaint). Thus, once we review those notes of testimony, Judge Sarmina will make a ruling on the remainder of the preliminary objections.

Pl.'s Mot. Recons. Ex. 2, Email #3. Appellant offers this as evidence that the Court inaccurately recollected the hearing (and thus that its later rulings stemmed from this misremembering of the hearing) and alleges that the Court erred in making its ruling the next day, May 25, before having received the transcripts of the hearing to confirm exactly what was said. However, this Court is unaware of any legal authority requiring a court to obtain transcripts of a hearing prior to the court's issuance of an order. See Pa. R.C.P. 208.4 (governing general judicial procedure for consideration and disposition of motions). Furthermore, despite Appellant's allegations, the record confirms that the May 25th Order accurately reflected the Court's rulings from the May 11th hearing. In fact, during the May 11th hearing, Appellant was instructed to brief two legal issues and to *not* include additional claims, which is properly reflected in the May 25 Order. Therefore, there was no failure to memorialize.

## III.    *The June 6, 2016 Orders*

On June 6, 2016, this Court issued three orders. The first Order overruled Appellant's preliminary objections to Defendants' preliminary objections (Control No. 16031982). The second Order sustained a preliminary objection from Defendant Fresenius to the Third Amended Complaint and dismissed all claims of liability against Fresenius with prejudice (Control No. 16023240). The third Order overruled some preliminary objections and sustained others from Defendants Dr. Fosnocht, PPMC, and Penn Defendants (Control No. 16023063). Appellant alleges that it was improper and "against usual procedure" for the Court to issue the latter two Orders on the same day,

10

as they denied him the opportunity to file written Answers to Defendants' preliminary objections discussed in the first Order.[14]

Appellant is essentially arguing he was entitled by right to file written Answers to Defendants' preliminary objections after the disposition of Appellant's preliminary objections thereto. However, Pa. R.C.P. 1017(a)(4) mentions only that "a preliminary objection and a response thereto" are included in the list of permissible pleadings, and its Official Note reads, "An answer needs to be filed to a preliminary objection only when the preliminary objection alleges facts not of record." Pa. R.C.P. 1017(a)(4). Furthermore, Pa. R.C.P 1028 establishes that a preliminary objection can test the legal insufficiency of a pleading, and the Official Note under 1028(c)(2) states that such an objection "may be determined from facts of record so that further evidence is not required." See Pa. R.C.P. 1028(a)(4) and (c)(2).

Notwithstanding that Appellant failed to state with specificity the issues he was raising, it is clear that he believes this Court erred in dismissing most of his claims. The standard of review when reviewing a trial court's ruling on preliminary objections is as follows:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

Liberty Mut. Ins. Co. v. Domtar Paper Co., 77 A.3d 1282, 1285 (Pa.Super. 2013).

---

[14] In Appellant's June 27, 2016 Motion for Reconsideration, Appellant requested this Court to strike the May 25th Order and the three June 6th Orders. However, Appellant did not indicate that he had wanted to file a written Answer to Defendants' preliminary objections; Appellant requested only leave to file the Fourth Amended Complaint.

11

As noted *supra*, Appellant did not address the particular rulings on preliminary objections with which he takes issue, which leaves this Court guessing as to which rulings and which dismissed claims he believes were improper. Additionally, this Court properly ruled on each preliminary objection from the three June 6, 2016 Orders by admitting all material facts in the challenged pleading as true and determining that it was clear and free from doubt that Appellant would be unable to prove facts legally sufficient to establish the right to relief.

## IV.   The July 1, 2016 Order

On July 1, 2016, the Court issued an Order (Control No. 16063650) denying Appellant's Motion for Reconsideration of the Court's ruling on Defendants' preliminary objections to Appellant's Third Amended Complaint. Appellant had specifically requested reconsideration of the Court's Order of May 25, 2016 and of the three Orders of June 6, 2016.

As discussed above, Appellant's claims were either disingenuous or lacked any substantive reasoning. Appellant relies on the footnote from the May 25th Order that he "was allowed leave to file additional materials no later than May 23, 2016" as the basis for the Fourth Amended Complaint which he filed. The transcript from the May 11, 2016 hearing is clear that Appellant was to submit something to the Court on two legal issues (see N.T. 5/11/16 at 90) and that, in reference to an amended complaint, Appellant did not "have *carte blanche*…to start adding things other than what we've talked about here today." Id. at 89. Appellant further conflates the issues by stating he would not have had to file briefings to the two legal issues the Court requested until after he filed the Fourth Amended Complaint. Pl.'s Mot. Recons. at ¶ 14(2). The two matters—addressing two legal issues and amending the complaint without including new claims—were not intertwined.[15]

---

[15] As discussed *supra*, Appellant was told to brief two legal issues: (1) the theory of liability that might apply to Defendant Fosnocht (N.T. 5/11/16 at 29); and (2) whether punitive damages might be available under the MCARE Act (Id. at 35). Separately, this Court only granted Appellant leave to file the Fourth Amended Complaint in order to strike and move certain paragraphs (Id. at 40-43), to specify the factual basis for a negligence claim against Defendant Fresenius (Id. at 60-61 and 85-86), and to include Defendant DaVita in the ADA claim (Id. at 87). Appellant was instructed not to add

12

As to two of the three Orders issued on June 6, 2016, Appellant simply claimed that they "are unfairly prejudicial to plaintiff" but provided no substantive legal reasoning. Id. at ¶¶ 16-19.

## CONCLUSION:

For the foregoing reasons, this Court respectfully requests Superior Court to affirm the Order granting judgment on the pleadings in favor of Defendants and against Appellant.

BY THE COURT:

_____
M. TERESA SARMINA,          J.

---

[FN contd.] new claims in the Complaint. Appellant failed to submit anything regarding the two legal issues and, contrary to this Court's instructions, submitted a Fourth Amended Complaint with new claims not previously discussed.