J-A04023-16

2016 PA Super 88

| KATIE WAKELEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| M.J. BRUNNER, INC., | |
| Appellee | No. 392 WDA 2015 |

Appeal from the Order Entered February 18, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 14-009877

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

OPINION BY BENDER, P.J.E.:                    **FILED APRIL 19, 2016**

In this employment dispute, Katie Wakeley appeals from the order entered February 18, 2015, granting M.J. Brunner, Inc. ("Brunner") judgment on the pleadings.  We affirm.

In 2011, Appellant worked as a project manager for an advertising agency in Dallas, Texas, earning $80,000 annually.[1]  Appellant and her family, a husband and child, were settled in Dallas with no intention of leaving.  Appellant's husband worked as a recruiter; their daughter was four-years-old.

_____

[1] We derive the background for this case from the pleadings.

In March 2012, a recruiter approached Appellant about a position with Brunner as a digital account director. The position was located in Pittsburgh, Pennsylvania. Appellant indicated that she was not interested unless the position paid more than her current position and offered opportunity for advancement. Following a series of interviews, Brunner offered Appellant the position at $90,000 per year, plus benefits and a $4,000 relocation allowance. In April 2012, Appellant accepted Brunner's offer and gave her Dallas-employer notice. However, five days later, Brunner rescinded its offer, citing an unexpected change in its business. Appellant was able to keep her job in Dallas.

In May 2012, the same recruiter again approached Appellant about another opening at Brunner, this time as an account director. This position offered the same salary and benefits as the previous one offered her. During her interview, Brunner executives disclosed that the position was available because the incumbent was taking maternity leave. However, Brunner assured Appellant that she would be assigned another, permanent position when the incumbent returned from leave. Brunner also promised Appellant that she would receive extensive training and work closely under a supervisor as she learned her new job responsibilities. Following her interview, Brunner increased the relocation allowance to $9,000.

In June 2012, Appellant accepted Brunner's offer of employment, and her family relocated from Dallas to Pittsburgh. However, Appellant received

little training and little guidance from her supervisor. Her only assistance came from an inexperienced subordinate. Following two mishaps - the first involving an unsuccessful conference call with a client, the second an email exchange with another client provider – Brunner executives were critical of Appellant's work performance. Shortly thereafter in September 2012, and only four days before the previous incumbent returned from maternity leave, Brunner fired Appellant.

In August 2014, Appellant commenced this action by filing a complaint asserting three counts: (1) breach of implied contract, (2) breach of express contract, and (3) fraudulent inducement. According to Appellant, she left a secure job, relocated her family, and assumed a 30-year home mortgage – and this additional consideration entitled her to employment with Brunner for a reasonable period. *See* Complaint at 9-10. Moreover, according to Appellant, Brunner breached an express promise to provide her with proper training, an experienced supervisor, and a comparable, permanent position. *Id.* at 10. Finally, based upon these express promises, Appellant asserted that Brunner knowingly and falsely induced Appellant to accept its offer of employment. *Id.* at 11.

Brunner filed an answer and new matter to which it attached two documents executed by Appellant: (1) an Application for Employment and (2) a Confirmation of Employment. *See* Answer and New Matter, Exhibits A ("Application for Employment," 04/02/2012) and B ("Confirmation of

Employment," 06/06/2012) (collectively, "pre-hire documents"). Also attached was an introductory statement purported to be from Brunner's employee handbook. *See* Answer and New Matter, Exhibit C ("I. Introductory Statement").

The application was completed by Appellant when she applied for the digital account director position with Brunner in April 2012. It included the following statements, acknowledged and accepted by Appellant:

> I understand that this application remains current for only 30 days. At the conclusion of that time, if I have not heard from the employer and still wish to be considered for employment, it will be necessary for me to reapply and fill out a new application.

> If I am hired, I understand that I am free to resign at any time, with or without cause and with or without prior notice, and the employer reserves the same right to terminate my employment at any time, with or without cause and with or without prior notice, except as may be required by law. This application does not constitute an agreement or contract for employment for any specified period or definite duration. I understand that no supervisor or representative of the employer is authorized to make any assurances to the contrary and that no implied oral or written agreements contrary to the foregoing express language are valid unless they are in writing and signed by the employer's president.

Answer and New Matter, Exhibit A, at 2 (thereafter signed and dated by Appellant).

The confirmation, completed by Appellant just prior to commencing employment with Brunner as an account director, set forth the following, in relevant part:

> This confirmation is intended to convey, for our mutual understanding, your title, salary, start date and benefits with M.

J. Brunner, Inc. This is not a contractual agreement between you and M. J. Brunner, Inc. and we want to point out your employment with M. J. Brunner is on an at-will basis. No M. J. Brunner, Inc. representative has the authority to make any contrary agreement.

Answer and New Matter, Exhibit B, at 1 (also providing details of Appellant's employment; thereafter signed and dated by Appellant). Appellant acknowledged her execution of the confirmation. **See** Answer to New Matter at ¶ 109.

Sometime in late 2014, Brunner filed a motion for judgment on the pleadings.[2] Referencing and attaching the pre-hire documents to its motion, Brunner asserted that Appellant's employment was at-will, that she could not establish her claims, and that her complaint should be dismissed. Following argument in February 2015, the trial court granted Brunner's motion and dismissed Appellant's complaint with prejudice. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion, concluding that the pre-hire documents introduced by Brunner established explicitly that Appellant's employment was at-will. **See** Trial Court Opinion, 04/28/2015, at 3. The court further

_____

[2] Brunner's motion is not included in the certified record, nor does it appear in the trial court's docket. Nevertheless, Appellant responded to Brunner's motion. **See** Response, 12/24/2014. The docket reflects that the trial court scheduled argument on Brunner's motion for February 17, 2015. Moreover, Brunner filed a brief in response to Appellant's opposition to the motion. **See** Brief, 02/10/2015.

opined that Appellant could not establish that Brunner knowingly or recklessly made false representations that induced Appellant to accept employment. *See id.* at 3-4.

Appellant raises the following issues on appeal:

1. [Whether] [Appellant] allege[d] sufficient facts to enable a reasonable jury to find that she provided her employer with additional consideration sufficient to rebut the presumption of employment at-will[;]

2. [Whether] [Appellant] allege[d] that she and [Brunner] entered into a specific agreement for employment at-will[;]

3. [Whether] [Appellant] allege[d] sufficient facts to enable a reasonable jury to find that [Brunner] breached the employment contract by failing to provide her: (1) with extensive training in her new position; (2) the assistance of an experienced supervisor; and (3) to find her a new position when the incumbent returned from leave[; and]

4. [Whether] [Appellant] allege[d] sufficient facts to enable a reasonable jury to find that [Brunner] fraudulently induced her to accept employment[.]

Appellant's Brief at 2.

Essentially, Appellant asserts that the trial court erred when it granted Brunner judgment on the pleadings and dismissed her complaint with prejudice. In so doing, she renews arguments raised below. According to Appellant, the pre-hire documents do not establish that she agreed to at-will employment with Brunner. Regarding the application, Appellant notes that it was completed when she applied for a different position with Brunner and asserts that it is irrelevant to the position she eventually secured with Brunner. *See* Appellant's Brief at 10, 14-15. As for the confirmation,

Appellant suggests that language contained therein negates any contractually binding significance of the document. *See* Appellant's Brief at 10, 15-16. Thus, according to Appellant, by their plain terms, these documents do not impact her case. *See* Appellant's Brief at 10, 16.

Pennsylvania Rule of Civil Procedure 1034 governs motions for judgment on the pleadings and provides that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). We review a trial court's decision to grant judgment on the pleadings in the following manner:

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. In other words, a motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

***Wachovia Bank, N.A. v. Ferretti***, 935 A.2d 565, 570 (Pa. Super. 2007) (internal citations omitted; formatting and punctuation modified). Further, it is well settled that if the court's decision is correct, we may affirm on any

ground.  *See, e.g.*, *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1286 (Pa. Super. 2013).

In Pennsylvania, employment is presumed to be at-will, unless there is an agreement otherwise.  *Cashdollar v. Mercy Hosp. of Pittsburgh*, 595 A.2d 70, 72 (Pa. Super. 1991).  Thus, "an employment relationship … may be terminated by either party at any time, for any reason or for no reason." *Id.*  A plaintiff may overcome the presumption if she can demonstrate additional consideration beyond the services for which she was hired.  *Id.* However, where the plaintiff has clearly acknowledged the at-will nature of her employment, the presumption must prevail.  *See, e.g.*, *Walden v. Saint Gobain Corp.*, 323 F.Supp.2d 637, 646-47 (E.D. Pa. 2004) (applying Pennsylvania law).

Here, Appellant pleaded additional consideration potentially sufficient to overcome the presumption that her Brunner employment was at-will.  For example, Appellant pleaded that she left a stable job and home in Dallas, uprooted her family and moved to Pittsburgh, thereafter purchasing a home financed by a 30-year mortgage.  *See Cashdollar*, 595 A.2d at 73-74 (affirming the trial court's denial of judgment notwithstanding the verdict where a jury concluded that similar evidence was sufficient to overcome the presumption of at-will employment).

In its motion for judgment on the pleadings, Brunner presented the two, pre-hire documents suggesting that Appellant acknowledged expressly

that her new employment was at-will. The trial court deemed these documents dispositive, concluding as follows:

> The documents executed by the parties govern[]. Those documents explicitly reflect an at-will employment relationship. [Appellant's] attempt to circumvent these documents must fail.

Trial Court Opinion at 3.

We agree with the trial court's conclusion. However, mindful of the appropriate standards that govern review of a motion for judgment on the pleadings, we are constrained to distinguish between the pre-hire documents. In our view, the trial court could not properly consider the application as indicative of Appellant's at-will employment. As pleaded by Appellant in her response to Brunner's new matter, the application was completed when she applied for a different position with Brunner and was unrelated to the position eventually secured. *See* Answer to New Matter, 11/05/2014, at ¶¶ 106-08. The trial court was obligated to view these pleadings, as well as the document itself, against Brunner and in the light most favorable to Appellant. *See **Wachovia Bank, N.A.***, 935 A.2d at 570. Appellant continues to maintain that this document is unrelated to the job she eventually secured with Brunner, and we agree. Moreover, not only does it relate to a different job opportunity, but also by its terms the document remained valid for only 30 days. *See* Answer and New Matter, Exhibit A, at 2. Appellant signed the application document on April 2, 2012. The recruiter approached Appellant about a second employment opportunity

at Brunner on May 14, 2012. *See* Complaint at ¶ 26. Thus, the application was no longer valid. For these reasons, the application does not clearly establish the at-will nature of Appellant's employment and cannot support Brunner's motion for judgment on the pleadings.

Nevertheless, the confirmation, signed by Appellant just prior to commencing her Brunner employment, is clear and dispositive. It provides specifically that her employment was at-will. *See* Answer and New Matter, Exhibit B, at 1. By signing this document, Appellant was properly notified and acknowledged the nature of her employment. In our view, this acknowledgment defeats Appellant's "additional consideration" claim as a matter of law.

In an effort to avoid this conclusion, Appellant suggests that other language included in the confirmation negates any adverse impact on her claim. *See* Appellant's Brief at 15-16 (suggesting that the statement, "This is not a contractual agreement …," renders her acknowledgment ambiguous). We discern no ambiguity. Appellant's position is hyper-technical and does nothing to undermine the clear acknowledgment that her employment was at-will.

The notice and acknowledgment of Appellant's at-will status effectively eliminates each of her claims, and we need not address in detail Appellant's arguments to the contrary. Appellant's claim for breach of implied contract relies upon her theory of additional consideration. However, the

confirmation of at-will employment signed by Appellant precludes this claim. *See, e.g.*, *Walden*, 323 F.Supp.2d at 646-47. Appellant's claim for breach of express contract relies upon alleged promises that Brunner would provide her with proper training, an experienced supervisor, and a comparable, permanent position. However, this claim too is defeated by Appellant's confirmation of employment, which in addition to stating the at-will nature of employment, provided additional express terms, including a statement of salary and benefits, and clear notice that "[n]o [Brunner] representative has the authority to make any contrary agreement." Answer and New Matter, Exhibit B, at 1; *see also, e.g.*, *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989) ("[A]s a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship."). Finally, notice and acknowledgment of these terms – specifically disclaiming any terms or promises to the contrary - precludes Appellant from stating a claim for fraud, which would require her to establish justifiable reliance upon the aforementioned alleged promises. *See, e.g.*, *Martin v. Hale Prods., Inc.*, 699 A.2d 1283, 1288 (Pa. Super. 1997).[3] For these reasons, Appellant is entitled to no relief.

_____

[3] We observe that the trial court determined that Appellant's fraud claim must fail because she could not establish that Brunner knowingly or recklessly made false representations to Appellant. Trial Court Opinion at 3. This was erroneous in light of the procedural posture of this case. Appellant pleaded that Brunner promised to provide her with proper training, an
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016

_(Footnote Continued)_ _____

experienced supervisor, and a comparable, permanent position, and that Brunner made these representations knowing they were false. **See** Complaint at ¶¶ 91-92. This error, however, does not entitle Appellant to relief. **See Liberty Mut. Ins. Co.**, 77 A.3d at 1286.