J-A30006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN K. TILLMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRIS WISE T/D/B/A WISE | : | No. 657 MDA 2019 |
| PROPERTY MANAGEMENT | : | |

Appeal from the Judgment Entered April 8, 2019
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2016-CV-4166

BEFORE: DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 13, 2020**

Appellant, Karen K. Tillman, appeals from the Judgment entered April 8, 2019, after the trial court granted the Motion for Judgment on the Pleadings filed by Appellee, Chris Wise t/d/b/a Wise Property Management. The court determined that the gist of Appellant's claim sounded in tort, not contract. Therefore, according to the trial court, Appellant's claim was subject to a two-year statute of limitations period. Because Appellant commenced this litigation more than two years after allegedly discovering damages to her property, the court determined that Appellant's claims were barred. We agree and, therefore, affirm.

In February 2013, Appellant contracted with Appellee for certain home renovation services. Specifically, in relevant part, Appellee agreed to re-grout

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's kitchen floor and to install hardwood flooring in a second-floor bedroom.  ***See*** Amended Complaint, 7/31/18, Exhibit A (Contract, 2/12/13).[1] Appellee completed the work in May 2013, and Appellant timely paid $4,446.00 for the renovations.  Amended Complaint at ¶¶ 4, 5.

In July 2013, Appellant discovered that water from a supply line to her refrigerator was leaking and had caused damage to her property.  ***Id.*** at ¶ 6. Sometime thereafter, in the fall or winter months, Appellant discovered additional damages caused by leakage from radiators located on the second floor of the property.  ***Id.*** at ¶ 9.

In May 2016, Appellant commenced this lawsuit by Writ of Summons. Thereafter, in March 2018, Appellant filed a Complaint, asserting that Appellee's work deficiencies caused approximately $130,000 in damages.

In April 2017, Appellee filed Preliminary Objections, asserting the Complaint lacked sufficient specificity.  ***See*** Pa.R.C.P. 1028(a)(3).  According to Appellee, Appellant failed to plead facts alleging how Appellee had caused the leaks or what deficiencies in her work had caused Appellant's damages. Moreover, Appellee asserted that Appellant failed to premise her claim on any particular theory of recovery; thus, it was unclear whether Appellant was asserting a breach of contract or negligence.  ***See*** Preliminary Objections, 4/17/18.  The trial court granted the Preliminary Objections and directed Appellant to file an Amended Complaint.  Trial Ct. Order, 7/11/18.

_____

[1] Appellee also agreed to perform certain renovations in a bathroom and in the basement.  ***See*** Contract.

Appellant timely filed an Amended Complaint with minimal changes. Appellant clarified that Appellee (1) had dislodged or damaged the water line to her refrigerator when moving it back into place and (2) had failed to complete re-installation of two radiators on the second floor. **See** Amended Complaint at ¶¶ 7, 8.

Appellee timely filed an Answer with New Matter, denying Appellant's allegations and asserting in relevant part that, despite the parties' contractual relationship, Appellant's claim sounded in tort and, therefore, was barred by the statute of limitations. **See** Answer with New Matter, 8/30/18, at 4 (citing 42 Pa.C.S. § 5524(7) (defining a two-year limitation period for tort claims)).[2] Thereafter, Appellee filed a Motion for Judgment on the Pleadings, again citing the statute of limitations. Motion for Judgment on the Pleadings, 10/15/18. In March 2019, the trial court granted the Motion and dismissed Appellant's Amended Complaint with prejudice. Trial Ct. Order, 3/28/19.

In April 2019, the trial court entered Judgment for Appellee. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

At issue in this appeal is the gist of Appellant's cause of action—*i.e.,* whether her claim sounds in contract or in tort. **See** Appellant's Br. at 5.[3]

_____

[2] Appellant did not timely answer Appellee's New Matter.

[3] Appellant's Brief does not contain a Statement of the Scope of Review and Standard of Review or a Statement of Questions Involved. **See generally**

- 3 -

Without citing a specific contractual obligation, Appellant baldly asserts that her damages are a direct result of Appellee's failure to perform under the Contract as promised. *See id.* at 6-7. Therefore, according to Appellant, the gist of her claim sounds in contract, and her claim is, therefore, subject to a four-year statute of limitation period, not the two-year period imposed by the trial court. *Id.* at 7-8 (citing 42 Pa.C.S. § 5525(a) (defining a four-year limitation period for contract claims)). Thus, Appellant concludes, the trial court erred in granting Appellee's Motion for Judgment on the Pleadings. *Id.* at 9.

Our review of a trial court's decision to grant judgment on the pleadings is plenary. *Wakeley v. M.J. Brunner, Inc.*, 147 A.3d 1, 5 (Pa. Super. 2016). We apply the same standard of review as the trial court: we confine our review to the pleadings and relevant documents, and we accept as true all well-pleaded statements of fact in favor of the non-moving party. *Id.* Judgment on the pleadings "may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted). Thus, we will affirm the trial court when the moving party's right to succeed is certain. *Id.*

---

Appellant's Br. It is, therefore, in violation of our Rules of Appellate Procedure. Pa.R.A.P 2111(a)(3), (4), 2116(a). We caution counsel to conform to our Rules of Appellate Procedure in the future.

The gist of a plaintiff's cause of action is dependent upon "the nature of the duty alleged to have been breached." ***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 68 (Pa. 2014). The substance of a plaintiff's allegations are determinative:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—*i.e.*, a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

***Id.*** (citations omitted).

Examining the nature of Appellant's allegations, the trial court observed that Appellant failed to identify a specific contractual provision breached by Appellee. Trial Ct. Pa.R.A.P. 1925(a) Op., 6/21/19, at 4-5. According to the court, Appellant alleged wrongs committed by Appellee "while performing her contractual obligations", and not "the failure to perform a promise set forth in the underlying contract itself." ***Id.*** at 5. Thus, the court concluded that the gist of Appellant's claim sounded in tort. ***Id.*** We agree.

"[A] negligence claim based on the actions of a contracting party in performing contractual obligations is not viewed as an action on the underlying contract itself, since it is not founded on the breach of any specific executory promises which comprise the contract." ***Bruno***, 106 A.3d at 70; ***see also,*** *e.g.*, ***Farabaugh v. Pa. Turnpike Comm'n***, 911 A.2d 1264, 1282-84 (Pa. 2006) (recognizing claim for negligence against construction company for

- 5 -

injuries to third person caused by company's allegedly deficient performance of its contractual duty of inspection).

In her Amended Complaint, Appellant does not allege that Appellee failed to re-grout her kitchen floor or that she failed to install hardwood flooring in a second-floor bedroom—specific promises defined by the parties' Contract. Rather, Appellant alleged "numerous deficiencies" in Appellee's workmanship, for example, that Appellee had damaged the water line to Appellant's refrigerator and that Appellee failed to reinstall two radiators. Amended Complaint at ¶¶ 6-8. The parties' Contract is merely collateral to these allegations: it established the relationship between the parties, but it did not define a duty allegedly breached by Appellee. *See Bruno*, 106 A.3d at 70. Therefore, we conclude that Appellant's claim sounds in tort.

As noted, *supra*, the nature of a claim determines how quickly a plaintiff must initiate litigation to secure relief. "The statute of limitations requires individuals to bring their claims within a certain time of the injury so that the passage of time does not damage a defendant's ability to defend against those claims." *Booher v. Olczak*, 797 A.2d 342, 346 (Pa. Super. 2002). In Pennsylvania, a plaintiff must bring a claim sounding in tort within two years. 42 Pa.C.S. § 5524(7).

In this case, Appellant avers that she discovered damage to her property in July 2013 and additional damage the following Fall or Winter, when she first turned on the heating system. Amended Complaint at ¶¶ 6, 9. From these averments, the trial court inferred that Appellant discovered her damages no

later than December 31, 2013. Appellant does not dispute this inference. Appellant commenced this litigation on May 31, 2016, more than two years after discovering the damage to her property. ***See*** Writ of Summons, 5/31/2016.

Appellant did not timely commence this litigation, and it is barred by the statute of limitations. 42 Pa.C.S. § 5524(7). Accordingly, Appellee is entitled to judgment as a matter of law. ***Wakeley***, 147 A.3d at 5.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2020