J-S21031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BONNIE HAINES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ST. LUKE'S HOSPITAL | : | |
| | : | |
| Appellant | : | No. 2148 EDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2019-C-3394

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 13, 2021**

This is an interlocutory appeal by permission from an order of the Court of Common Pleas of Lehigh County (trial court) overruling preliminary objections in a wrongful discharge case brought by Bonnie Haines (Plaintiff) against her former employer, St. Luke's Hospital (Hospital).  Because Plaintiff has not alleged that the termination of her employment was for a reason that constitutes a violation of public policy, we reverse.

This action arises out of Hospital's termination of Plaintiff's employment on October 9, 2015.  On November 15, 2019, Plaintiff filed this action against Hospital and filed an amended complaint on January 28, 2020 in which she asserts a single cause of action for wrongful discharge.  Amended Complaint

_____

[*] Retired Senior Judge assigned to the Superior Court.

at 6-7. In her amended complaint, Plaintiff alleges that she was employed by Hospital from November 2010 to October 9, 2015, as a case manager. *Id.* ¶¶7, 41. There was no employment contract between Plaintiff and Hospital and Plaintiff was an at-will employee of Hospital. *Id.* ¶¶42-43.

Plaintiff alleges in her amended complaint that in 2015, she transferred from Hospital's Bethlehem, Pennsylvania campus to its Quakertown, Pennsylvania campus and that shortly after that transfer, one of Hospital's patient care managers told Plaintiff and Hospital's Quakertown campus director of human resources that Plaintiff "did not fit in." Amended Complaint ¶¶8-10. Plaintiff alleges that on September 25, 2015, she spoke by telephone with a patient's spouse in accordance with a physician's instructions and a release form completed by the patient and that a co-worker inaccurately reported what Plaintiff said in the conversation. *Id.* ¶¶11-17. Plaintiff alleges that, as a result of the misreporting of the conversation, Hospital suspended her pending an investigation and discharged her on October 9, 2015. *Id.* ¶¶18-19, 22. Plaintiff alleges that Hospital informed her that she was discharged for two reasons: 1) "an inappropriate interaction with the wife of a current patient," and (2) documentation deficiencies that Hospital discovered in an audit of Plaintiff's patient files that it conducted while she was suspended. *Id.* ¶¶ 20-23.

Hospital filed preliminary objections in the nature of a demurrer asserting that Plaintiff's amended complaint did not state a cause of action for

wrongful discharge because it did not identify any public policy that Hospital violated in terminating Plaintiff's employment.[1]  On July 24, 2020, the trial court entered an order overruling Hospital's preliminary objections.

Hospital timely filed a motion requesting that the trial court amend its July 24, 2020 order to certify the order for interlocutory appeal.  The trial court entered an order denying this motion on August 27, 2020.  Hospital timely filed a petition for permission to appeal, which this Court granted on December 1, 2020.  On February 1, 2021, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).  In this opinion, the trial court concluded that Plaintiff's amended complaint failed to state a cause of action for wrongful discharge because it did not allege or identify any public policy that was violated by the termination of Plaintiff's employment, and the trial court requested that this Court reverse its order overruling Hospital's preliminary objections.  Trial Court Opinion at 3-5.

The issue before the Court in this appeal is whether Plaintiff's allegations in her amended complaint concerning the termination of her employment are sufficient to state a cause of action for wrongful discharge.  Because this is an appeal from an order overruling preliminary objections, our standard of review is *de novo* and our scope of review is plenary.  ***Palmiter v. Commonwealth***

---

[1] Hospital also initially sought to dismiss the action on the ground that it was barred by the statute of limitations, but withdrew that portion of its preliminary objections after Plaintiff objected to raising the statute of limitations by preliminary objection.

*Health Systems*, __ A.3d __, __, 2021 PA Super 159, at *4 (No. 498 MDA 2020 filed August 10, 2021); *Sunrise Energy, LLC v. FirstEnergy Corp.*, 148 A.3d 894, 899 n.7 (Pa. Cmwlth. 2016) (*en banc*). Hospital argues that Plaintiff failed to state a cause of action for wrongful discharge because she did not allege a violation of public policy. We agree that, taking the allegations of Plaintiff's amended complaint as true, her discharge did not violate public policy and that the trial court therefore erred in overruling Hospital's demurrer.

Plaintiff's amended complaint alleges that she was an at-will employee of Hospital. Amended Complaint ¶¶42-43. An at-will employment relationship may be terminated by either the employer or the employee at any time, for any reason or for no reason at all. *Deal v. Children's Hospital of Philadelphia*, 223 A.3d 705, 711 (Pa. Super. 2019); *Wakeley v. M.J. Brunner, Inc.*, 147 A.3d 1, 5 (Pa. Super. 2016). Therefore, as a general rule, an at-will employee has no cause of action for wrongful discharge against her employer. *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000); *Deal*, 223 A.3d at 711-12; *Stewart v. FedEx Express*, 114 A.3d 424, 427 (Pa. Super. 2015).

A limited exception to this rule exists that permits an at-will employee to bring an action for wrongful discharge where the termination of employment violates a clear mandate of Pennsylvania public policy. *Weaver v. Harpster*, 975 A.2d 555, 563-64 (Pa. 2009); *McLaughlin*, 750 A.2d at

- 4 -

287; *Deal*, 223 A.3d at 712; *Greco v. Myers Coach Lines, Inc.*, 199 A.3d 426, 436 (Pa. Super. 2018). This public policy exception applies and permits a cause of action for wrongful discharge where the employer discharges an employee for refusing to commit a crime, where the employer discharges an employee for complying with a statutorily imposed duty,[2] or where the employer is specifically prohibited by statute from discharging the employee.[3] *Deal*, 223 A.3d at 712; *Greco*, 199 A.3d at 436; *Mikhail v. Pennsylvania Organization for Women in Early Recovery*, 63 A.3d 313, 317 (Pa. Super. 2013). Termination of employment in retaliation for exercise of an employee's rights to workers' compensation benefits or unemployment compensation can also constitute a violation of public policy that supports a wrongful discharge cause of action. *Rothrock v. Rothrock Motor Sales, Inc.*, 883 A.2d 511, 516-17 (Pa. 2005); *Shick v. Shirey*, 716 A.2d 1231, 1237-38 (Pa. 1998); *Highhouse v. Avery Transportation*, 660 A.2d 1374, 1377-78 (Pa. Super. 1995).

Outside of those narrow types of circumstances, claims that a discharge falls within the public policy exception have been repeatedly rejected, even

---

[2] *See, e.g., Krolczyk v. Goddard Systems, Inc.*, 164 A.3d 521, 527-28 (Pa. Super. 2017) (wrongful discharge action for discharging employee for complying with statutory child abuse reporting requirement).

[3] *See, e.g., Roman v. McGuire Memorial*, 127 A.3d 26, 31-34 (Pa. Super. 2015) (wrongful discharge action for violating prohibition on terminating employee for refusing mandatory overtime).

where the plaintiff has alleged that she was unfairly treated. ***See***, ***e.g.***, ***Weaver***, 975 A.2d at 564-72 (no cause of action based on policy of Pennsylvania Human Relations Act (PHRA) and Equal Rights Amendment for sex discrimination discharge where employer was private employer not covered by the PHRA); ***McLaughlin***, 750 A.2d at 288-90 (no cause of action for discharge in retaliation for asserting violation of a federal safety regulation); ***Deal***, 223 A.3d at 710, 712-13 (no cause of action for discharging employee because she was accused of a crime, even though employee was later acquitted); ***Greco***, 199 A.3d at 436 (no cause of action for wrongful discharge even though plaintiff "was fired for simply doing her job" and "employer acted vindictively, and exhibited poor business judgment"); ***Mikhail***, 63 A.3d at 320-21 (no cause of action for wrongful discharge where act for which employee was discharged was one that employee believed was required by her professional code of ethics).

Here, Plaintiff has not alleged in her amended complaint that she was discharged for refusing to violate a law, for complying with a statutory duty, or for filing or refusing to interfere with a workers' compensation, unemployment or other claim against it. Nor has she alleged that Hospital was statutorily prohibited from discharging her. Indeed, Plaintiff does not claim that she was discharged for following a physician's directions or for contacting a patient's spouse pursuant to a release form signed by the patient. Rather, the only reasons for her discharge that she has alleged in the amended

complaint are that another employee or employees did not like her and that she was discharged based on inaccurate information concerning her conversation with the patient's spouse and for documentation deficiencies that Hospital did not treat as grounds for discharging other employees. Amended Complaint ¶¶9-10, 16-23, 29.

None of these reasons for Plaintiff's discharge constitute a violation of public policy that can support a wrongful discharge action. Discharge of an at-will employee for reasons that are factually inaccurate or that the employee contends are insufficient to warrant discharge is not a public policy violation and is not actionable. **Deal**, 223 A.3d at 714 (fact that the reasons for the discharge given by the employer were not genuine does not prevent summary judgment for employer in wrongful discharge action where there is no violation of public policy); **Stewart**, 114 A.3d at 428 (disputes over whether plaintiff had violated company policy did not bar dismissal of wrongful discharge claim because, where plaintiff did not show a public policy violation, "it matters not whether [employer] articulated no reason or a bad reason for terminating [plaintiff's] employment").

In her brief, Plaintiff argues that she alleged in the amended complaint that Hospital used a fabricated document to justify her discharge in subsequent unemployment compensation proceedings and that under the **Rothrock** and **Highhouse** decisions and Section 4910(2) of the Crimes Code,

this constituted a violation of public policy that can support her wrongful discharge claim.[4]  This argument is without merit.

In ***Rothrock***, the public policy violation that supported a cause of action for wrongful discharge was retaliation for refusing to coerce an injured employee to waive his right to workers' compensation benefits, not employer fabrication of documents.  883 A.2d at 512-13, 516-17.  Neither the Supreme Court nor this Court held in ***Rothrock*** that fabrication of evidence by the employer was a public policy violation on which a wrongful discharge action could be based.  Rather, the only reference to fabrication of evidence was in this Court's discussion of whether evidence that employer had forged warning slips was admissible to negate the employer's claim that it had discharged the plaintiff for reasons other than the workers' compensation issue.  ***Rothrock***, 810 A.2d 114, 120 (Pa. Super. 2002), ***aff'd***, 883 A.2d 511 (Pa. 2005).  Here, whether Hospital's articulated reasons for terminating Plaintiff's employment were accurate or genuine is irrelevant because Plaintiff has not alleged that she was discharged for any reason that constitutes a violation of public policy. ***Deal***, 223 A.3d at 714; ***Stewart***, 114 A.3d at 428.

_____

[4] Hospital argues that this argument is waived because Plaintiff did not raise it in the trial court.  We do not agree.  Plaintiff is the appellee here.  The rule that issues not raised in the lower court are waived applies only to appellants, not to appellees.  ***Discovery Charter School v. School District of Philadelphia***, 166 A.3d 304, 314 n.10 (Pa. 2017); ***Sherwood v. Elgart***, 117 A.2d 899, 901–02 (Pa. 1955).

*Highhouse* and Section 4910(2) of the Crimes Code likewise cannot provide a basis for a wrongful discharge claim here. In *Highhouse*, this Court held that discharging an employee in retaliation for his filing for unemployment compensation during a period of reduced work constituted a violation of public policy that can support a wrongful discharge claim. 660 A.2d at 1375-78. Plaintiff, however, does not assert in either her amended complaint or her brief that she was discharged because she had filed an unemployment compensation claim or that she filed or expressed any intent to file an unemployment compensation claim before she was discharged. Her amended complaint alleges only that "**[a]fter being terminated**, Plaintiff applied for unemployment compensation ('UC') benefits." Amended Complaint ¶25 (emphasis added). Because Plaintiff alleges that the unemployment compensation filing did not occur until after her discharge, her discharge cannot be in retaliation for filing an unemployment compensation claim or in violation of the public policy recognized in *Highhouse*.

Section 4910(2) of the Crimes Code provides that it is a crime to make, present, or use "any record, document or thing knowing it to be false and with intent to mislead a public servant" in an official proceeding or investigation. 18 Pa.C.S. § 4910(2). Plaintiff does not allege that Hospital asked her to violate this statute or that it terminated her for refusing to create, present, or use any false document or record. Nor do her allegations in her amended complaint support any claim that her discharge violated this statute. The

termination of Plaintiff's employment with Hospital was an act of a private employer, not an official proceeding in which any public servant was involved. Plaintiff's allegations that Hospital used a fabricated document or gave false testimony in her unemployment compensation proceedings, Amended Complaint ¶¶32-39, is an attempted collateral attack on the final judgment in those proceedings, *Ferrero v. Unemployment Compensation Board of Review*, No. 738 CD 2016 (Pa. Cmwlth. November 18, 2016), *reconsideration denied*, (Pa. Cmwlth. January 4, 2017), not a claim that her discharge violated public policy.

Because Plaintiff's amended complaint does not allege that Hospital discharged her for a reason that violates Pennsylvania public policy, she has not stated a cause of action for wrongful discharge. The trial court therefore erred in overruling Hospital's demurrer. Plaintiff, moreover, has not asserted in this appeal that she can plead any facts that would permit a finding that her discharge violated public policy. Accordingly, we reverse the trial court's order overruling Hospital's preliminary objections and remand this case with instructions to dismiss the action with prejudice.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge Olson Joins this Memorandum.

Judge Bowes Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/2021